BENJAMIN E. COHN et al., Copartners, under the Firm Name of COHN & LUBOW, Respondents, v. MISHKOFF COSTELLO COMPANY, Appellant.

(Argued February 9, 1931; decided March 24, 1931.)

*Henry Hofheimer, Milton Mansbach* and *Louis J. Paley* for appellant. The cause of action set forth in the complaint cannot be maintained in this State as the court will not take jurisdiction of an action requiring it to interfere in the internal management of a foreign corporation or to control the judgment and discretion of its board of directors. (*Sauerbrunn* v. *Hartford Life Ins. Co.,* 220 N. Y. 363; *People* v. *Brotherhood P. D. P. A.,* 218 N. Y. 115; *Travis* v. *Knox,* 215 N. Y. 259; *Muck* v. *Hitchcock,* 212 N. Y. 283; *Southworth* v. *Morgan,* 205 N. Y. 293; *Knickerbocker Trust* v. *Iselin,* 185 N. Y. 54; *Marshall* v. *Sherman,* 148 N. Y. 9; *De Raismes* v. *U. S. Lithograph,* 161 App. Div. 781; *Matter of Rappleye,* 43 App. Div. 84; *Lewisohn* v. *Anaconda Copper,* 26 Misc. Rep. 613; *Eberhard* v. *Northwestern Mutual Life Ins. Co.,* 210 Fed. Rep. 520; *Maguire* v. *Mortgage Co.,* 203 Fed. Rep. 858; *Chicago Title & Trust Co.* v. *Newman,* 187 Fed. Rep. 573; *Sims* v. *United Wireless Tel. Co.,* 179 Fed. Rep. 540; *Butler* v. *Standard Milk Flour Co.,* 146 App. Div. 735.)

*Frank E. Nowve* and *Philip I. Schick* for respondents. Interference in the internal affairs of a foreign corporation is not involved in the present suit. (*Sauerbrunn* v. *Hartford Life Ins. Co.,* 220 N. Y. 363; *People* v. *Brotherhood P. D. P. A.,* 218 N. Y. 115; *Muck* v. *Hitchcock,* 212 N. Y. 283; *Southworth* v. *Morgan,* 205 N. Y. 293; *Marshal* v. *Sherman,* 148 N. Y. 9; *De Raismes* v. *U. S. Lithograph,* 161 App. Div. 84; *Matter of Rappleye,* 43 App. Div. 84; *Travis* v. *Knox,* 215 N. Y. 259; *Eberhard* v. *Northwestern Mutual Life Ins. Co.,* 210 Fed. Rep. 520; *Chicago Title & Trust Co.* v. *Newman,* 187 Fed. Rep. 573; *Blythe Co.* v. *Blythe,* 172 U. S. 644; *Bach* v. *Hunt,* 193 U. S. 523; *Sims* v. *United Wireless Telegraph,* 179 Fed. Rep. 540; *Hogue* v. *American Steel Foundries Co.,* 247 Penn. St. 62.)

*Per Curiam.* The action is brought by a stockholder against the defendant, a foreign corporation organized under the laws of the State of Indiana, demanding judgment that defendant either redeem shares of its stock at par value with accumulated interest or in the alternative declare a dividend out of its surplus.

The courts of this State will not take jurisdiction, in ordinary cases, to regulate the internal affairs of a corporation which ought to be managed under the laws and by the direction of the courts of the State or country where it is organized. (*Travis* v. *Knox Terpezone Co.,* 215 N. Y. 259, 264.) While it is not always easy to say when jurisdiction will be taken and when declined, and while contracts between a foreign corporation and its members will usually be enforced in the courts of this State, it seems clear that the jurisdiction now invoked must be declined under the principle stated. Considerations of convenience, of efficiency and of justice point to the courts of Indiana as the appropriate tribunals to regulate the internal affairs of the defendant corporation by determining:

(a) Whether the defendant corporation is under a duty to change its corporate structure by the redemption of its stock in all events in ten years after date at par value and accumulated interest. (*Topken, Loring & Schwartz, Inc.,* v. *Schwartz,* 249 N. Y. 206.)

(b) Whether the directors of defendant, after demand, have in bad faith refused to declare dividends.

The orders should be reversed and the motion to dismiss the complaint granted, with costs in all courts and ten dollars costs of motion, and the questions certified answered in the negative.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Orders reversed, etc.