MAUDE H. BICKART and Another, Respondents, *v.* KELLY-SPRING-FIELD TIRE COMPANY, a Corporation Organized and Existing under the Laws of the State of New Jersey, and Others, Appellants, Impleaded with RUDOLF GNEKOW, Defendant.

First Department, December 24, 1934.

*Scott McLanahan* of counsel [*Gleason, McLanahan. Merritt & Ingraham*, attorneys], for the appellants.

*Robert P. Weil* of counsel [*Laurence Arnold Tanzer, Eugene Mullaney* and *Warren W. Foster* with him on the brief; *Robert P. Weil*, attorney], for the respondents.

UNTERMYER, J. The plaintiffs, residents of the State of New York, bring this action against Kelly-Springfield Tire Company, a former New Jersey corporation; Kelspring Corporation, with which it was merged, and *The* Kelly-Springfield Tire Company, also a New Jersey corporation, the consolidated corporation, for a declaratory judgment that, among other things, the consolidation is invalid in so far as it purports to affect the plaintiffs' rights.

The complaint alleges that plaintiff Bickart holds 10 shares of the eight per cent preferred stock of Kelly-Springfield Tire Company and that plaintiff Crensha holds 214 shares of the eight per cent preferred stock and 55 shares of its six per cent preferred stock. That company was incorporated with the name " Consolidated Rubber Tire Company " in New Jersey in April, 1899, and has been duly authorized to do business in the State of New York since January, 1900. In January, 1914, its name was changed to Kelly-Springfield Tire Company. The certificate of incorporation, as amended, provided for sinking fund payments and cumulative dividends on preferred shares of the classes of stock held by the two plaintiffs, and such unpaid dividends had accrued as of December 31, 1931, to an amount in excess of $2,000,000. Between that date and October 29, 1932, with further accumulations, they amounted to $2,113,648.19.

About March, 1932, a " Capital Readjustment Plan " was formulated by the board of directors of Kelly-Springfield Tire Company. Its purpose was to readjust the company's capital structure, eliminating the accumulated arrears of dividends and sinking fund obligations on the preferred stock, and the capital deficit, causing a surplus to be created by an exchange of Kelly-Springfield Tire Company stock for new securities. Stockholders were circularized and requested to deposit their stock under the plan. On December 31, 1931, the indicated ratio between current assets and current liabilities is alleged to have been in excess of thirty to one, and the capital readjustment plan made no mention of any new financing or the offering of securities for sale.

The plan was carried out as follows: Kelspring Corporation was incorporated in New Jersey in August, 1932. Its entire capital stock was subscribed for by Kelly-Springfield Tire Company, a New York corporation (also a defendant in this action), a wholly-owned subsidiary of Kelly-Springfield Tire Company of New Jersey. In the same month the directors of Kelly-Springfield Tire Company of New Jersey entered into an agreement with the directors of Kelspring, which is referred to as the consolidation agreement. This agreement was approved by the stockholders of the two corporations in October, 1932, and the certificate of consolidation filed in the office of the Secretary of State of the State of New Jersey on October twenty-ninth of that year. Thereby it was provided that old stock of Kelly-Springfield Tire Company should be surrendered in exchange for new securities of the consolidated corporation having no right to arrears, and that until surrendered and exchanged, no dividends or interest would be paid to the holders of any shares of the old stock of any class thereof.

It is alleged that under the laws of the State of New Jersey the provisions of the certificate of incorporation, defining the rights and preferences of the shares of the capital stock of such corporation constitute a contract between it and its stockholders, and between the stockholders among themselves, and that the effect of the consolidation is to unlawfully divest plaintiffs retroactively of their contractual right to arrears of dividends and sinking fund payments on the preferred stock held by them as of October 29, 1932. It is asserted that the certificate of consolidation is inconsistent with the provisions of the certificate of incorporation and the General Corporation Act of the State of New Jersey; that said certificate of consolidation casts doubt upon plaintiffs' right to these arrears; that no dividends or sinking fund payments have yet been set apart or distributed upon the stock of the consolidated corporation, and pending this, plaintiffs' rights cannot be determined by any suit for injunctive relief or for damages. The individual defendants Peabody and Gnekow are joined as defendants as holders and as representatives, respectively, of the preferred and common stock of the consolidated corporation, *The* Kelly-Springfield Tire Company.

The relief sought is, in substance, that the court declare that the certificate of incorporation of Kelly-Springfield Tire Company of New Jersey constituted a contract between the plaintiffs and other stockholders and said corporation and its successor, *The* Kelly-Springfield Tire Company, the consolidated corporation; that there had accumulated arrears of dividends which Kelly-Springfield Tire Company was bound to pay out of net earnings

or surplus, present or future; that defendants and the stockholders, other than plaintiffs, were without power to deprive plaintiffs of their rights to accrued dividends and sinking fund obligations by any form of corporate readjustment; that Kelspring Corporation was a dummy corporation formed and consolidated with Kelly-Springfield Tire Company only to deprive preferred stockholders of their rights, and that the assets of Kelspring Corporation in equity belonged to the stockholders of Kelly-Springfield Tire Company; that all liens upon the property of the consolidating corporations are preserved unimpaired and may be enforced against the consolidated corporation; that a lien be imposed upon all present or future earnings and surplus of the new corporations for the amount of dividends and sinking fund obligations accrued on the shares of Kelly-Springfield Tire Company owned by plaintiffs, which lien shall have priority over any new stock of the consolidated corporation; and that the provisions of the consolidation agreement and certificate purporting to conflict with plaintiffs' rights be declared null and void.

The defendants, other than Gnekow, moved under rule 106, subdivision 2, of the Rules of Civil Practice to dismiss the complaint on the ground that the court had no jurisdiction of the subject of the action. That motion was denied. It might perhaps have been contended that, strictly construed, subdivision 2 of rule 106 was not available to the defendants in the situation which is presented here. The court had jurisdiction over the parties to the action by the personal service of process. It had jurisdiction of the subject-matter of the action in the sense that it had power to enter a judgment in an action of this character. Any jurisdictional objection must rest upon the narrower ground relating to the " inability to make a decree effective or to considerations of policy and discretion." (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259.) In such a case there is not, in the strict sense, want of jurisdiction but rather unwillingness to assume jurisdiction " to regulate the internal affairs of a corporation which ought to be managed under the laws and by the direction of the courts of the State or country where it is organized." (*Cohn* v. *Mishkoff Costello Co.*, 256 N. Y. 102.) However, the question whether rule 106, subdivision 2, is broad enought to include a motion to dismiss upon these grounds seems not to have been urged in the court below and has not been urged on this appeal. We will, therefore, dispose of the motion upon its merits, since the parties appear to desire that we thus consider it.

It is evident that the rights of the plaintiffs depend upon the validity under New Jersey law of the consolidation of Kelly-

Springfield Tire Company of New Jersey, and Kelspring Corporation, a New Jersey corporation, into *The* Kelly-Springfield Tire Company, also a New Jersey corporation, and its effect upon the plaintiffs' rights. If the consolidation proceedings are valid and effective, then the plaintiffs are not entitled to succeed. If invalid and ineffective, then we must assume that the plaintiffs are entitled to enforce their rights as stockholders of Kelly-Springfield Tire Company against the assets in the possession of the consolidated corporation. It will thus be seen that the decision of this action would require the courts of this State to investigate and determine the validity and effect of the consolidation proceedings between corporations organized in New Jersey and to ascertain and pronounce upon the rights of non-assenting shareholders of Kelly-Springfield Tire Company and their corporation under the law of that State.

We think that such a jurisdiction ought to be declined. It is a " general rule of equity jurisprudence that the courts of equity of one jurisdiction will not assume jurisdiction of a cause involving the internal affairs and management of a corporation regulated by the statutory law and public policy of a foreign country or a sister State." (*Cuppy* v. *Ward*, 187 App. Div. 625; affd., 227 N. Y. 603.) Although the line of demarcation between controversies affecting foreign corporations in which jurisdiction will be assumed and those in which it will be declined is often vague (*Travis* v. *Knox Terpezone Co.*, *supra*, 264), it will hardly be denied that questions which affect the corporate structure of a foreign corporation are of local administration and should be relegated to the courts of the State under the laws of which the corporation is organized. Since the fundamental issue to be determined in this action is the question whether, under the laws of New Jersey, Kelly-Springfield Tire Company and Kelspring Corporation were validly consolidated into a new corporation even to the detriment of the plaintiffs' rights as stockholders of Kelly-Springfield Tire Company, the case falls directly within the compass of that principle. Any judgment that might be entered in this action would inevitably determine the effect of the consolidation, at least to the extent that the relations of these plaintiffs, and others in the same position, with Kelly-Springfield Tire Company are concerned. These questions are for the New Jersey courts to determine as arising under local law and affecting all non-assenting stockholders of Kelly-Springfield Tire Company.

In our opinion the rule expressed in *Cohn* v. *Mishkoff Costello Co.* (*supra*) is applicable here. There it was held that the courts of this State would not entertain jurisdiction of an action by a

stockholder against an Indiana corporation demanding judgment that the corporation either redeem shares of its stock or declare a dividend out of surplus. In such a case, said the court, " Considerations of convenience, of efficiency and of justice point to the courts of Indiana as the appropriate tribunals to regulate the internal affairs of the defendant corporation." The conclusion was the same, upon a very similar state of facts, in *Hogue* v. *American Steel Foundries* (247 Penn. St. 12; 92 A. 1073), decided in 1915 by the Supreme Court of Pennsylvania. (See, also, *Kimball* v. *St. Louis, etc., Railway*, 157 Mass. 7; 31 N. E. 697.) The reasons which require this result are stated in *Sauerbrunn* v. *Hartford Life Ins. Co.* (220 N. Y. 363) as follows: " We may assume that the membership of the defendant corporation extends throughout a number of States, and while it may be said that the present action affects the plaintiff alone, we cannot overlook the fact that if the various States assume jurisdiction in like actions the decisions of the courts might be divergent, different rules of law would prevail and a corporation might be called upon to account in various States and relieved therefrom by the decrees of the courts in other States. Likewise it might be held legal for it to increase assessments in certain jurisdictions and illegal to increase and collect the same in other jurisdictions. Uniformity of decision is preferable. Numerous jurisdictions have determined that an action like unto the one at bar is one relating to the internal affairs of a corporation of which the courts will decline to assume jurisdiction."

If this were an action by the plaintiffs against officers or directors of a foreign corporation, on account of the unlawful disposition of its assets, very different considerations would apply. (*Miller* v. *Quincy*, 179 N. Y. 294; *Ernst* v. *Rutherford & B. S. Gas Co.*, 38 App. Div. 388; *Hamm* v. *Christian Herald Corporation*, 236 id. 639.) In such an action the corporation is a defendant only because it refuses to assume the position of plaintiff. No question of the relations between the corporation and its shareholders is involved. In reality the corporation is a plaintiff asking restitution from persons who have despoiled it of its property. The distinction was referred to by O'BRIEN, J., in *Miller* v. *Quincy* (*supra*), where he said: " It may be observed here, in order to clear away some things that create confusion in the discussion, that this is not an action by or against either a foreign or a domestic corporation, except so far as the corporation in question is made a nominal defendant upon the record. * * * Bearing always in mind the fact that this is an action by an individual director of a foreign corporation in the courts of this State to compel other individuals who, while directors, had become wrongfully possessed of the

corporate funds and property, to account for the same, it is difficult to suggest any sound reason for denying to the plaintiff the relief which he seeks to obtain."

But here the plaintiffs are not asserting a derivative cause of action. They seek to maintain the action in their individual right against the Kelly-Springfield Tire Company of New Jersey, of which they hold stock, to secure an adjudication against that corporation and others with which it purports to have consolidated, declaring the consolidation proceedings to be without effect upon their rights. In this the plaintiffs cannot succeed unless the consolidation, in effect, is nullified. The principle expressed in *Travis* v. *Knox Terpezone Co.* (*supra*) is not applicable here. There an action to compel the corporation and its officers to register a transfer of shares to the plaintiff and to issue new certificates in lieu thereof was sustained because this " is not the exercise of any power of visitation," but involved a determination as to whether the plaintiff was the unconditional owner of the shares. If he was the unconditional owner then he was entitled to a transfer of the shares into his name. Moreover, the controversy in such a case involved only a determination of the rights of a single stockholder against the corporation.

For these reasons we are of opinion that the plaintiffs should be relegated for the determination and enforcement of their rights to the courts of New Jersey, which, as the State of the domicile of the consolidating corporations will be in a position to make a decree which will be binding upon those corporations and all their stockholders.

The order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

Finch, P. J., Merrell, Martin and O'Malley, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion granted, with ten dollars costs.