FRANK H. MIESSE, Suing on Behalf of Himself and Such Other Stockholders Similarly Situated as May Choose to Come in and Contribute to the Expense of This Action, Respondent, *v.* SEIBERLING RUBBER COMPANY, Appellant.

First Department, June 19, 1942.

*Alfred H. Phillips* of counsel [*William T. Caldwell* with him on the brief; *Chadbourne, Hunt, Jaeckel & Brown*, attorneys], for the appellant.

*William W. Lowell*, for the respondent.

PER CURIAM. In order to grant any part of the relief demanded in the complaint, it would be necessary to assume jurisdiction over the internal affairs of the defendant corporation. (*Sauerbrunn* v. *Hartford Life Ins. Co.*, 220 N. Y. 363; *Bickart* v. *Kelly-Springfield Tire Co.*, 243 App. Div. 72.) The plaintiff appears to recognize that this may not be done to the extent that the complaint demands a judgment which would nullify the reorganization of the defendant in the State of Delaware where it is incorporated. We think it is equally true to the extent that the plaintiff seeks to require the defendant to pay dividends on his stock which have not been declared and to require the defendant to redeem preferred stock in accordance with the certificate of incorporation. Such questions would require a determination of the effect upon the plaintiff's preferred stock of the plan of reorganization and an interpretation of the certificate of incorporation under which the stock was issued affecting, not the plaintiff alone, but all the stockholders of the company who have not surrendered or exchanged their stock. These are questions to be decided by the courts of the State of Delaware, which can pronounce a judgment binding all the stockholders.

The order should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed.

MARTIN, P. J., UNTERMYER and DORE, JJ., concur; COHN and CALLAHAN, JJ., dissent and vote to affirm.

Order reversed, with twenty dollars costs and disbursements, and the complaint dismissed.