EDWIN C. NOTHIGER, Suing as Owner of Preferred Stock of CORROON & REYNOLDS CORPORATION, on Behalf of all Owners of Said Stock, Plaintiff, *v.* CORROON & REYNOLDS CORPORATION, Defendant.*

Supreme Court, Special Term, New York County, February 12, 1943.

*Powers, Kaplan & Berger* for defendant.

*Edwin M. Slote* and *Edward M. Garlock* for plaintiff.

Koch, J. This is an application for judgment on the pleadings dismissing the complaint, on the grounds (1) that the cause of action alleged embraces the internal affairs of a foreign corporation and the court should therefore decline jurisdiction, and (2) that the complaint fails to state facts sufficient to constitute a cause of action. The action is brought by plaintiff as the holder of a designated type of preferred stock of defendant on behalf of himself and all other holders of the designated stock. The complaint seeks judgment directing defendant to specifically perform certain of its obligations under a sinking-fund provision incorporated in defendant's charter for protection of the holders of the designated stock and for certain other incidental relief.

The provision in question, in substance, requires defendant to deposit on January 1st of each year, beginning in 1933, out of its surplus or net profits a sum sufficient to redeem on the 1st day of April next following three per cent of the aggregate number of shares of the designated stock for the purpose of redemption thereof by lot. Defendant is also permitted to deposit, in lieu of cash, an equivalent number of shares of stock, at the redemption price, which it may have acquired by purchase or otherwise. Immediately following this alternative privilege appears the sentence which gives rise to this litigation: "No Series A Preferred Stock shall be purchased or redeemed under this provision during the continuance of any default in payment of the cumulative dividends on the preferred stock."

Plaintiff alleges a failure to make the required deposit and sues for specific performance.

Defendant contends that the relief sought embraces the internal affairs of a foreign corporation and the court should refuse jurisdiction. It also contends that in any event the complaint fails to state a cause of action.

New York courts generally will not entertain jurisdiction of an action to regulate, direct, or otherwise interfere with the internal management of a foreign corporation. Defendant contends that this action falls within that prohibition. Most of the authorities cited by defendant are only remotely relevant. Defendant relies principally upon the case of *Cohn* v. *Mishkoff Costello Co.* (256 N. Y. 102). That case though relevant is not determinative. In the *Cohn* case the plaintiff sought to

compel redemption of stock or declaration of dividends thereon by a foreign corporation. It appears that the obligation to redeem was absolute with the only alternative a declaration of dividends. The court held that the determination of whether or not a foreign corporation was obligated to change its corporate structure by redemption in ten years, or the determination of the good faith of directors in refusing to declare dividends, were questions which convenience, efficiency, and justice indicated might better be determined in the courts of the corporation's domicile. In the instant case plaintiff merely seeks enforcement of the contractual provisions of a corporate charter by which defendant obligated itself to create and maintain a sinking fund for the purpose of redemption of the designated stock. Acceptance of jurisdiction for enforcement of the redemption provisions is not now before the court. Whether the sole purpose of the sinking-fund deposit in January of each year is immediate redemption the following April as defendant contends, or ultimate redemption as plaintiff contends, is the question which is presented for determination. The action involves nothing more than a question of the interpretation and construction of certain of the provisions of a corporate charter. No question of corporate management or discretion of directors is involved. No statute of Delaware is pleaded which renders the issue peculiar to that State. No reason is set forth why the New York courts cannot determine the issue as effectively as the courts of Delaware. Under such circumstances, the action does not involve the internal affairs of a foreign corporation. (*Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259.)

Defendant further contends that even if jurisdiction be accepted, it is entitled to judgment. It argues that the conceded default in the payment of dividends relieves it of its obligation to make the required deposit. This conclusion follows only if its interpretation of the meaning of the sentence prohibiting purchase or redemption be accepted. The language of the sentence prevents defendant from purchasing, for the purpose of redemption, or from redeeming the designated stock during the continuance of a default in the payment of dividends thereon. It does not expressly relieve defendant from the obligation to deposit. If such was the intention it would have been a simple matter for the drafter of the document to have so provided. Plaintiff's contention that it was not intended by the language of the sentence in question to relieve defendant of its obligation to deposit in the sinking

fund is not without merit. The language is not so clear and unambiguous that reasonable men could not differ. Only if the language were so clear and unambiguous that defendant's contention was the only one that would be accepted by reasonable men could it be said that the complaint fails to state a cause of action. If there is ambiguity in the meaning of the language, plaintiff is, at least, entitled to a trial and an opportunity to present such proof as may be available to resolve the ambiguity.

Motion denied. Settle order.