EDWIN C. NOTHIGER, Suing as Owner of Preferred Stock of CORROON & REYNOLDS CORPORATION, on Behalf of All Owners of Said Stock, Respondent, v. CORROON & REYNOLDS CORPORATION, Appellant.

First Department, June 4, 1943.

*Abraham Kaplan* of counsel (*George I. Gross* with him on the brief; *Powers, Kaplan & Berger,* attorneys), for appellant.

*Edward M. Garlock* of counsel (*Edwin M. Slote* and *Edward M. Garlock,* attorneys), for respondent.

Cohn, J. The action is brought by plaintiff for himself and in a representative capacity on behalf of all other holders of defendant's Series A Preferred Stock. The gist of the complaint is that defendant has, since January 1, 1933, failed and refused to perform the provisions of section 4-N of its certificate of incorporation or charter. That section provides for the annual redemption, commencing in 1933, of three per cent of the aggregate number of shares of this preferred stock. To effect such redemption, it is provided that on January first of each year in which the sinking fund is operative a sum sufficient to redeem three per cent of the stock shall be made available from surplus or net profits and that on April first next following the redemption shall take place by lot with the funds set aside in January for that purpose. The corporation also is given the right to surrender shares of preferred stock purchased or otherwise acquired by the corporation as an alternative method of satisfying the sinking fund and redemption requirement in whole or in part in any year. Section 4-N also declares that no Series A Preferred Stock shall be purchased or redeemed during the continuance of any default in the payment of cumulative dividends on the preferred stock. There are other provisions in this section which relate to the power of the corporation with regard to the sums set aside for redemption purposes.

The complaint prays for judgment (a) ordering the defendant to perform its past sinking fund obligation by paying $2,878,804.16 into the sinking fund, plus accrued interest, (b) ordering specific performance of its sinking fund obligation whether or not the dividend default continues, (c) appointing a trustee to hold and administer the sinking fund, and (d) granting plaintiff's attorneys an allowance as compensation for their services in enforcing the common rights of the preferred stockholders.

In essence, plaintiff's alleged cause of action involves the construction of section 4-N of defendant's charter. Defendant is a corporation organized and existing under the laws of the State of Delaware. Where, as here, the controversy relates solely to the management of the internal affairs of a foreign corporation, it has been the settled policy of our courts to decline jurisdiction. Such questions should be litigated in the courts of the State where the corporate defendant was organized. (*Cohn v. Mishkoff Costello Co.*, 256 N. Y. 102; *Sternfeld v. Toxaway Tanning Co.*, 290 N. Y. 294; *Sauerbrunn v. Hartford Life Ins. Co.*, 220 N. Y. 363; *Miesse v. Seiberling Rub-*

*ber Co.*, 264 App. Div. 373; 17 Fletcher, Cyclopedia of Corporations, § 8425.) *Cohn* v. *Mishkoff Costello Co.* (*supra*) is directly in point. There, preferred stock had been issued by an Indiana corporation at the time of its organization in 1919 and more than ten years had elapsed at the time suit was brought in 1929 by plaintiffs who contended that they were merely seeking to enforce a contractual obligation on the part of the defendant corporation by virtue of the provisions of the stock certificate. The Court of Appeals, however, dismissed the complaint, stating: "The courts of this State will not take jurisdiction, in ordinary cases, to regulate the internal affairs of a corporation which ought to be managed under the laws and by the direction of the courts of the State or country where it is organized."

Plaintiff here is attempting to obtain a construction of defendant's charter to be binding upon many owners of preferred stock scattered all over the nation. In the interests of efficiency, expediency and justice, the intent and meaning of defendant's charter should be passed upon by the courts of the State of Delaware, the corporation's domicile. (*Rogers* v. *Guaranty Trust Co.*, 288 U. S. 123.)

We think that part of the motion to dismiss the complaint on the ground that the court should decline jurisdiction of the subject matter of the action should have been granted. In view of this disposition, it is unnecessary to consider the second ground of the motion.

The order should be reversed, with twenty dollars costs and disbursements, and the complaint dismissed.

MARTIN, P. J., TOWNLEY, DORE and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the complaint dismissed.