EVANGELINE SEASE, Respondent, *v.* CENTRAL GREYHOUND LINES, INC., OF NEW YORK, Appellant.

Argued November 18, 1953; decided February 25, 1954.

*William E. Night* for appellant. I. The Civil Practice Act and the Stock Corporation Law prescribe the manner in which an action may be instituted against a domestic corporation. (*Merrick* v. *Van Santvoord,* 34 N. Y. 208.) II. The court is without jurisdiction unless service is made in accord with the methods prescribed by statute. (*Fischer* v. *Langbein,* 103 N. Y. 84; *Eisenhofer* v. *New York Zeitung Pub. & Print. Co.,* 91 App. Div. 94; *Baker* v. *New York Central R. R. Co.,* 258 App. Div. 854; *Kuris* v. *Pepper Poultry Co.,* 174 Misc. 801.) III. Defendant-appellant is not subject to service under section 52 of the Vehicle and Traffic Law. (*Douglass* v. *Phenix Ins. Co.,* 138 N. Y. 209; *Schoen* v. *Board of Educ., Cambridge School Dist. No. 10,* 274 App. Div. 682; *Wachtel* v. *Diamond State Eng. Corp.,* 215 App. Div. 15; *Morris Plan Co. of Buffalo* v. *Miller,* 102 Misc. 470.) IV. There is no legal or factual basis to give the court jurisdiction of the action by estoppel. (*Seafire, Inc.,* v. *Ackerson,* 193 Misc. 965, 275 App. Div. 717, 302 N. Y. 668; *Lynn* v. *Lynn,* 302 N. Y. 193; *Seltzer* v. *Baker,* 295 N. Y. 145; *Metropolitan Life Ins. Co.* v. *Childs Co.,* 230 N. Y. 285; *Thompson* v. *Simpson,* 128 N. Y. 270; *Klein* v. *Biben,* 185 Misc. 835, 270 App. Div. 885, 296 N. Y. 638; *Yancey* v. *Andrews,* 195 Misc. 336.)

*Charles J. Bellew* for respondent. I. For the purposes of section 52 of the Vehicle and Traffic Law, a corporation may be a resident of a State other than the State of its incorporation. (*International Milling Co.* v. *Columbia Co.,* 292 U. S. 511; *Uslan* v. *Woronoff,* 173 Misc. 693, 259 App. Div. 1093.) II. The correct corporation was, in fact, served with due process. (*Shushereba* v. *Ames,* 255 N. Y. 490; *Kimball* v. *Midwest Haulers,* 195 Misc. 231.) III. Appellant's affirmative act of misleading respondent should estop it from attacking the manner of service. (*Shuba* v. *Greendonner,* 271 N. Y. 189.)

VAN VOORHIS, J. This appeal involves a motion to vacate the service of a summons. Defendant is a domestic corporation, but has been served in the manner provided by section 52 of the Vehicle and Traffic Law for service upon a foreign corporation. The motion to vacate the service of the summons has been denied upon the ground that defendant is estopped to deny that it is an Ohio corporation.

The statement to plaintiff's attorney by the assistant manager of defendant's Binghamton office is insufficient on which to found an estoppel. He stated, according to plaintiff's lawyer, that defendant's name and address was Central Greyhound Lines, Inc., of New York, with offices at 2600 Hamilton Avenue, Cleveland, Ohio. That statement was entirely correct. It is incorporated in New York, and has offices in Cleveland, Ohio. Nothing contained in this statement tended to deceive plaintiff's attorney in respect of the State of incorporation.

The natural source of information which would be sought in order to commence an action against such a defendant, was the application for omnibus registration which it was required by law to file with the New York State Bureau of Motor Vehicles. It is generally recognized that a corporation, like an individual, may have a place of residence other than its domicile. Corporations often have their principal places of business outside of the State of incorporation. The domicile of a corporation is the State in which it is incorporated. Possibly if defendant had merely listed Cleveland, Ohio, as its place of residence on its application for registration to the Commissioner of Motor Vehicles, this would have been equivalent to stating that it was an Ohio corporation. Although the application made by this defendant did state that the residence and business address of defendant was 2600 Hamilton Avenue, Cleveland, Ohio, it also set forth in the clearest possible terms that it was incorporated under the laws of New York. On the application the printed question is asked: '' If corporation, in what State incorporated? '' The words '' New York '' are typed on the line in answer to this question. It is difficult to understand how defendant could more clearly or accurately have stated the situation than this.

The report of the accident made by the Sheriff of Broome County and on file in his office is not binding on defendant, and does not furnish a basis on which to found an estoppel. The same is true of the message sent over the teletype by the State Police concerning the registration with the Motor Vehicle Bureau. Defendant has been shown to be guilty of no misrepresentation. The information which it supplied to the Bureau of Motor Vehicles in filling out its blanks was accurate

and correct, as stated above. Facts have not been shown indicating any change of position on defendant's part, nor is there anything in the record on which an estoppel could be based.

Being a New York corporation, it could not be served with process in the manner provided for service upon foreign corporations by section 52 of the Vehicle and Traffic Law.

The order of the Appellate Division and that of Special Term should be reversed, with costs in all courts, defendant's motion to vacate the service of summons granted, and the question certified answered in the affirmative.

DYE, J. (dissenting). I dissent and vote to affirm and to answer the question certified in the negative on the ground that the defendant is estopped to deny the sufficiency of the service of the summons as made herein. True it is that the defendant is a New York corporation yet, for purposes of bringing a suit against it, that circumstance must be considered in light of defendant's conduct in the premises. It maintains its principal place of business in Ohio and for all intents and purposes, including the service of process, was a resident of Ohio (cf. *International Milling Co.* v. *Columbia Transp. Co.*, 292 U. S. 511). Registration of motor vehicles in compliance with the statute is required for purposes of facilitating identification of the owner by the police and the public (Vehicle and Traffic Law, § 11, subd. 1). Here the information furnished identified the defendant's residence and principal place of business in Ohio. To permit it to deny the consequence of such representation in order to avoid liability for a negligent act committed in this State would be contrary to public policy and should be disapproved (*Reese* v. *Reamore*, 292 N. Y. 292).

LEWIS, Ch. J., FULD and FROESSEL, JJ., concur with VAN VOORHIS, J.; DYE, J., dissents in opinion in which CONWAY and DESMOND, JJ., concur.

Orders reversed, etc.