## (December 18, 1958)

■ JOSEPH MOOK et al., Appellants, v. SAMUEL S. BERGER et al., Respondents.

VALENTE, J. (dissenting). I agree that plaintiffs' complaint was properly dismissed. No injunction should issue to require stockholders to continue in office a director or officer who — at least for the purposes of this case — admitted misfeasance and a breach of trust. That conclusion stands irrespective of the validity or illegality of the stockholders' agreement and the corporate by-law.

But I must dissent from the affirmance of that part of the judgment which grants declaratory judgment in favor of defendants on their counterclaim. Defendants sought a declaration that certain provisions in an agreement among stockholders of a Connecticut corporation, and the by-law adopted pursuant thereto, were void and inoperative. A declaratory judgment upon that question necessarily involved the exercise of visitorial powers over a foreign corporation and an interference with its internal affairs and management. Moreover, it entailed a construction of the law of Connecticut, not previously interpreted in any authoritative manner by the courts of that State, on the intricate problem of the effect of stockholders' agreements and by-laws which require unanimity or a high vote for shareholder or director action.

Before the amendment of our own statutes (Stock Corporation Law, § 9) the Court of Appeals in *Benintendi* v. *Kenton Hotel* (294 N. Y. 112) was divided four to three on the interpretation of New York law on that subject. With the Connecticut courts easily accessible to the parties, why should they not be relegated to those courts to declare the Connecticut law on the question? Under

rule 212 of the Rules of Civil Practice, Special Term should have declined to pronounce a declaratory judgment and should have dismissed the counterclaim. (*Langfelder* v. *Universal Labs.*, 293 N. Y. 200, 204; *Cohn* v. *Mishkoff Costello Co.*, 256 N. Y. 102; *Travis* v. *Knox Terpezone Co.*, 215 N. Y. 259; *Harris* v. *Weiss Eng. Corp.*, 267 App. Div. 96; *Nothiger* v. *Corroon & Reynolds Corp.*, 266 App. Div. 299; *Bickart* v. *Kelly-Springfield Tire Co.*, 243 App. Div. 72; *Lakeman Realty Corp.* v. *Sunny Isles Co.*, 5 Misc 2d 471; *Weiss* v. *Routh*, 149 F. 2d 193.)

Moreover, I think that declaratory judgment was improperly granted without the presence of the corporation as a party to the action.

I would therefore modify the judgment to the extent of dismissing the counterclaim and otherwise affirm.

Breitel, J. P., McNally and Stevens, JJ., concur in decision; Valente, J., dissents in opinion.

Judgment affirmed, with costs to the respondents.