■ Eugene S. Weisberg, Respondent, v Layne-New York Co., Inc., Appellant.—In an action, inter alia, to recover damages for wrongful death, the defendant appeals from an order of the Supreme Court, Nassau County (Levitt, J.), dated May 16, 1986, which determined that the laws of the State of New Hampshire relating to recovery for wrongful death are applicable to this action.

Ordered that the order is affirmed, with costs.

In December 1983 Keith Weisberg, a 19-year-old student at New England College in Henniker, New Hampshire, was killed when the automobile he was driving collided with a vehicle operated by the defendant's employee in Hopkinton, New Hampshire. At the time of the accident, the decedent was a New York domiciliary residing in the State of New Hampshire. He possessed a New York State driver's license and was operating a vehicle owned by his father, also a New York domiciliary, who is also the administrator of the estate and the plaintiff herein.

The defendant is a New York corporation with its principal place of business in the State of New Jersey, which conducts business on apparently a limited basis, in New Hampshire. The offending truck was owned by the corporation which, for vehicular registration purposes, was located in Hillsboro, New

Hampshire. The driver of the vehicle was a New Hampshire resident licensed to operate a commercial vehicle within that State.

The choice-of-law question which this court is called upon to resolve involves the statutory provisions of both New York and New Hampshire governing recovery in wrongful death actions. While the relevant New York statute allows the decedent's estate to recover "fair and just compensation for the pecuniary injuries resulting from the decedent's death" (EPTL 5-4.3 [a]), the New Hampshire law governing recovery for wrongful death is somewhat broader, permitting the finder of fact to "consider", as one of the "elements" of damage, the deceased's "capacity to earn money during his probable working life" (NH Rev Stat Annot § 556:12). The plaintiff urges the application of the New Hampshire law, and the court of first instance so ruled.

Historically, choice-of-law conflicts in tort actions had been resolved by applying the law of the place of the wrong. In *Babcock v Jackson* (12 NY2d 473), the Court of Appeals abandoned the inflexible rule of *lex loci delicti,* holding that "controlling effect" must be given "to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" *(Babcock v Jackson, supra,* at 481).

In recognition of the uncertainty created by *Babcock* and its progeny *(Neumeier v Kuehner,* 31 NY2d 121; *Tooker v Lopez,* 24 NY2d 569; *Miller v Miller,* 22 NY2d 12; *Dym v Gordon,* 16 NY2d 120), the Court of Appeals, in *Schultz v Boy Scouts of Am.* (65 NY2d 189), refined the interest analysis approach in an attempt to bring to it some predictability. Reiterating that the interest analysis entails a substantive determination of which jurisdiction has the greatest interest in the litigation, the court emphasized that " 'the [only] facts or contacts which obtain significance in defining State interests are those which relate to the purpose of the particular law in conflict' " *(Schultz v Boy Scouts of Am., supra,* at 197, quoting from *Miller v Miller, supra,* at 15-16). "Under this formulation, the significant contacts are, almost exclusively, the parties' domiciles and the locus of the tort" *(Schultz v Boy Scouts of Am., supra,* at 197).

Initially, we must determine the domicile of the parties for choice-of-law purposes. While the defendant is a New York

domiciliary by virtue of its having incorporated in New York *(see, Sease v Central Greyhound Lines,* 306 NY 284), for choice-of-law purposes, it must be treated as a New Jersey entity inasmuch as it maintains its principal place of business in that State and thus, it may be said that its corporate presence is much more pronounced in that State than in either New York or New Hampshire *(see, Belisario v Manhattan Motor Rental,* 48 AD2d 477; *Morgan Guar. Trust Co. v Garrett Corp.,* 625 F Supp 752).

Thus, a "split domicile" situation is presented, i.e., the parties are domiciliaries of different States *(see, Schultz v Boy Scouts of Am., supra,* at 198), and the locus of the tort is a separate jurisdiction.

In such situations, as the *Schultz* court held, the law of the place of the tort will normally apply, unless displacing it " ' "will advance" the relevant substantive purposes without impairing the smooth working of the multi-state system or producing great uncertainty for litigants' " *(Schultz v Boy Scouts of Am., supra,* at 201, quoting from *Neumeier v Kuehner, supra,* at 128).

The application of this analysis compels the conclusion that no basis exists for displacing *lex loci delicti,* particularly where the significant interrelationship of the parties was centered in New Hampshire. The policy underlying both States' wrongful death statutes is essentially the same, i.e., to compensate the decedent's estate for loss suffered by his death *(see, Odom v Byrne,* 104 AD2d 863; *Golej v Varjabedian,* 86 NH 244, 166 A 287). New Hampshire has an interest in ensuring that those who conduct business within its borders will be called upon to compensate those whom they have injured while so engaged pursuant to its statutory scheme *(see, Morgan Guar. Trust Co. v Garrett Corp., supra,* at 761). Moreover, New Hampshire's law permitting consideration of the decedent's "capacity to earn money during his probable working life" in determining the amount of the award will adequately ensure that New York's interest in "fairly and justly" compensating its domiciliaries will be satisfied (EPTL 5-4.3 [a]), without offending any purpose of the New York statute.

Simply put, no purpose of the substantive law of New York would be advanced by the application of its law governing recovery in wrongful death actions; hence it was properly determined that New Hampshire law would apply in this case. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.