Delores A. **COMER** and Patricia V. Edelson, Individually and as Personal Representatives and Co–Administrators of the Estate of Michael T. Comer, Deceased, Plaintiffs,

v.

**TITAN TOOL, INC.,** Defendant.

**TITAN TOOL, INC.,** Third–Party Plaintiff,

v.

**ROCK & WATERSCAPE SYSTEMS, INC.,** Third–Party Defendant.

No. 93 Civ. 1066 (RWS).

United States District Court, S.D. New York.

June 23, 1995.

Kreindler & Kreindler, New York City (Steven R. Pounian, of counsel), for plaintiff.

Lester Schwab Katz & Dwyer, New York City (Saul Wilensky, Carl J. Schaerf, of counsel), for defendant and third-party plaintiff.

Cooper Kardaras & Scharf, New York City (William P. Kardaras, of Counsel), for third-party defendant.

## OPINION

SWEET, District Judge.

In this diversity action for wrongful death, third-party defendant moves, pursuant to Fed.R.Civ.P. 56, for an order granting summary judgment and dismissing the third party complaint. For the reasons set forth below, the motion will be denied.

### The Parties

Plaintiffs Delores Comer ("Delores"), wife of Michael Comer ("Comer"), the deceased, and Patricia Edelson ("Edelson"), Comer's mother, bring this action individually and as Comer's personal representatives and co-administrators of his estate. Delores and Edelson are natural persons. Delores presently resides in British Columbia, Canada, and Edelson resides in New York State, where she has resided at all times relevant to this action.

Defendant and third-party plaintiff Titan Tool, Inc. ("Titan"), a New Jersey corporation, is the manufacturer of the paint sprayer that Comer was using when he died, assertedly of electrocution.

Third-party defendant Rock and Waterscape Systems, Inc. ("R & W") was Comer's employer at the time of his death and super-

vised the job site in the Republic of South Africa, where Comer was killed. R & W, a California corporation, has its principal place of business in California and operates its business world-wide, undertaking projects throughout the United States, including California, Florida and New York, and in such foreign countries as Saudi Arabia, Aruba and South Africa. In addition to its California headquarters, R & W maintains branch offices in Las Vegas, Nevada and Orlando, Florida.

### Prior Proceedings

Plaintiffs filed their complaint in this action on February 24, 1993, and Titan answered and filed a third-party complaint, seeking contribution from R & W. During the latter half of 1993 and throughout 1994, discovery proceeded.

In an opinion of February 15, 1995, R & W's motion for summary judgment on the basis of Florida's workman's compensation statute was denied, stating that under New York choice of law rules, because none of the parties are domiciled in Florida, Florida law was inapplicable. The February 15 opinion expressed no opinion on which state's law should apply, but noted that the choice was effectively limited to New York and California, the states of which Comer and R & W, respectively, are domicilliaries.

R & W's papers in support of the instant motion request that this Court "reconsider" the question of the applicability of Florida law. Treating this request as a motion for reargument, it will be denied as time-barred.

R & W filed the instant motion on March 30, 1995, again seeking summary judgment and dismissal of Titan's third-party complaint. Titan filed its response on April 11, 1995 and oral argument was held on April 19, 1995.

### Facts

Prior to his death, Comer was employed by R & W as a rock artist, engaged in sculpting artificial rock formations for animal habitats and other displays at zoos, aquariums, theme parks and resorts. Although this work was itinerant in nature, and Comer resided in numerous locations in the years prior to his death, he maintained his perma-

nent address in New York City, and paid his federal, state and local taxes as a New York resident. He maintained a New York State driver's license.

Between 1988 and the time of Comer's death, Delores resided with Comer in the various locales of Comer's employment assignments, which ranged in duration from three months to over a year. Delores and Comer were married in 1991. Prior to their wedding, they obtained a New York marriage license.

Comer died on March 4, 1992, in Sun City, Bophuthatswana, South Africa, while employed by R & W. Plaintiffs allege that he was electrocuted while operating an electric paint sprayer manufactured by Titan. He was twenty-nine at the time of his death. In June of 1992, R & W's insurance carrier paid Delores $102,500 in death benefits and burial expenses. R & W filed a Workers' Compensation Notice of Injury reporting Comer's death with the Florida Department of Labor in June of 1994, more than two years after Comer's death.

### Discussion

### Rule 56 Standard for Summary Judgment

The Rule 56 motion for summary judgment is an "integral part" of the Federal Rules of Civil Procedure and facilitates the overall purpose of the Rules stated in Rule 1, namely, "to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). A motion for summary judgment may be granted only when there is no genuine issue of material fact remaining for trial and the moving party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Silver v. City Univ. of New York*, 947 F.2d 1021, 1022 (2d Cir.1991).

The Second Circuit has repeatedly noted that "[a]s a general rule, all ambiguities and inferences to be drawn from the underlying facts should be resolved in favor of the party opposing the motion, and all doubts as to the existence of a genuine issue for trial should be resolved against the mov-

ing party." *Brady v. Town of Colchester,* 863 F.2d 205, 210 (2d Cir.1988) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 330 n. 2, 106 S.Ct. 2548, 2556 n. 2, 91 L.Ed.2d 265 (1986)) (Brennan, J., dissenting) and *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *see United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Cartier v. Lussier,* 955 F.2d 841, 845 (2d Cir.1992), *Burtnieks v. City of New York,* 716 F.2d 982, 983–84 (2d Cir.1983). If, when "[v]iewing the evidence produced in the light most favorable to the nonmovant ... a rational trier could not find for the nonmovant, then there is no genuine issue of material fact and entry of summary judgment is appropriate." *Binder v. Long Island Lighting Co.,* 933 F.2d 187, 191 (2d Cir.1991). This standard is applied to the instant motion.

Aside from the above-mentioned request to reconsider the applicability of Florida law, R & W contends that summary judgment is appropriate in the absence of any factual dispute because Titan's third-party action cannot be maintained under New York or California law.

### Choice of Law

■ This court has jurisdiction pursuant to the diversity statute 28 U.S.C. § 1332. As a federal court sitting in a diversity action, this court applies the substantive law of the state in which it sits, *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), including that state's choice of law rules. *Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Machleder v. Diaz,* 801 F.2d 46, 51 (2d Cir.1986). Traditionally, New York applied the law of the place of the tort to all substantive issues in a case. In *Babcock v. Jackson,* 12 N.Y.2d 473, 484, 191 N.E.2d 279, 285, 240 N.Y.S.2d 743, 751 (1963), however, the New York Court of Appeals abandoned *lex loci delicti* in favor of "interest analysis" in choice of law issues. Under interest analysis, the law of the jurisdiction having the most significant contacts and the greatest interest in the litigation will be applied. *Schultz v. Boy Scouts of America,* 65 N.Y.2d 189, 480 N.E.2d 679, 491 N.Y.S.2d 90 (1985); *Neumeier v. Kueh-*

*ner,* 31 N.Y.2d 121, 286 N.E.2d 454, 335 N.Y.S.2d 64 (1972).

■ As part of interest analysis, the New York Court of Appeals has distinguished between rules that regulate primary conduct (such as standards of care) and rules that allocate losses after the tort occurs (such as charitable immunity statutes, *see, e.g., Schultz,* 480 N.E.2d at 682–83, 491 N.Y.S.2d at 94; guest statutes, *see, e.g., Dym v. Gordon,* 16 N.Y.2d 120, 209 N.E.2d 792, 262 N.Y.S.2d 463 (1965); wrongful death statutes, *see, e.g., Miller v. Miller,* 22 N.Y.2d 12, 237 N.E.2d 877, 880–81, 290 N.Y.S.2d 734, 739 (1968); vicarious liability statutes, *see, e.g., Farber v. Smolack,* 20 N.Y.2d 198, 229 N.E.2d 36, 38–39, 282 N.Y.S.2d 248, 252 (1967); contribution rules, *see, e.g., Cooney v. Osgood Mach.,* 81 N.Y.2d 66, 612 N.E.2d 277, 280, 595 N.Y.S.2d 919, 922 (1993); and workers' compensation rules, *see, e.g., O'Connor v. Lee–Hy Paving Corp.,* 579 F.2d 194, 205 (2d Cir.), *cert. denied,* 439 U.S. 1034, 99 S.Ct. 638, 58 L.Ed.2d 696 (1978)). Thus, the rules governing Titan's right to seek contribution from R & W are loss allocating rules.

■ If conduct regulating rules are in conflict, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders. If conflicting loss allocating rules are at issue, however, other factors are taken into consideration, chiefly the parties' respective domiciles. *Cooney v. Osgood Mach.,* 81 N.Y.2d 66, 72, 612 N.E.2d 277, 595 N.Y.S.2d 919 (1993).

R & W is a California domiciliary, both by virtue of its having incorporated in California, *see, Rogers v. Guaranty Trust Co.,* 288 U.S. 123, 130, 53 S.Ct. 295, 297–98, 77 L.Ed. 652 (1933); *Cream of Wheat Co. v. Grand Forks,* 253 U.S. 325, 328, 40 S.Ct. 558, 559, 64 L.Ed. 931 (1920); *Cohn v. Mishkoff–Costlow Co.,* 256 N.Y. 102, 105, 175 N.E. 529 (1931); *Nothiger v. Corroon & Reynolds Corp.,* 266 A.D. 299, 42 N.Y.S.2d 103, 104–05 (1943) (treating state of incorporation as the domicile of corporation for jurisdictional purposes); *Whisenhunt v. Sylvania Corp.,* 671 F.Supp. 214, 218 (W.D.N.Y.1987) (choice of

law); *Sease v. Central Greyhound Lines,* 306 N.Y. 284, 286, 117 N.E.2d 899 (1954); *Simons v. Marriott Corp.,* 92 Civ. 3762, 1993 WL 410457, at *6 (S.D.N.Y., Oct. 13, 1993), and, for New York's specific choice of law purposes, because it maintains its headquarters and principal place of business in that State. *See Schultz,* 480 N.E.2d at 681–82, 491 N.Y.S.2d at 93; *Belisario v. Manhattan Motor Rental,* 48 A.D.2d 477, 370 N.Y.S.2d 574, 575 (1975); *Morgan Guar. Trust Co. of N.Y. v. Garrett Corp.,* 625 F.Supp. 752 (S.D.N.Y.1986); *In re DES Cases,* 789 F.Supp. 552, 590 (E.D.N.Y.1992).

■ R & W has not attempted to establish Comer's state of domicile in support of this motion, and it need not be determined here. Instead, R & W has attempted to show that this case is controlled by *either* New York or California law and that the law of *both* states bars Titan's contribution claim. Nothing less than the establishment by R & W that: (i) no genuine factual issues exist as to the application of New York or California law, to the exclusion of the law of any other jurisdiction, *and* (ii) both New York and California law bar claims such as Titan's, is sufficient for a grant of summary judgment in R & W's favor under its present motion. Since New York Workers' Compensation law permits contribution claims such as Titan's, R & W's motion will be denied.

### New York Law Permits Third Party Actions for Contribution

■ The contribution policy of New York State favors shared responsibility between joint tortfeasors and is designed to promote fairness to the third party plaintiff instead of requiring that party to bear the entire cost of damages. *See Dole v. Dow Chemical Co.,* 30 N.Y.2d 143, 282 N.E.2d 288, 331 N.Y.S.2d 382 (1972). In fact, New York's workers' compensation regime is considered the most favorable to third party plaintiffs of any state in the United States, and has been described as "one which stresses the value of fairness above all other considerations and downplays the exclusive liability provisions of the workers' compensation act." *Gregory v. Garrett Corp.,* 578 F.Supp. 871 (S.D.N.Y.1983), citing *Dole,* 30 N.Y.2d at 151–153, 282 N.E.2d at 293–95, 331

N.Y.S.2d at 390–392. Under *Dole,* payment of benefits under the workers' compensation scheme, although an exclusive remedy as to the injured employee, does not shield an employer from indemnification or contribution liability to third parties who may be liable to the employee. 30 N.Y.2d at 152, 282 N.E.2d 288, 331 N.Y.S.2d 382.

R & W acknowledges a third party's right, under New York law, to seek contribution from a negligent employer, but argues that because plaintiffs did not seek, and assertedly could not have sought, workers' compensation benefits from R & W under New York's workers' compensation laws, Titan's third party contribution action is barred as a matter of New York law. As support for this proposition, R & W cites a long line of cases, beginning with *Cameron v. Ellis Constr. Co.,* 252 N.Y. 394, 169 N.E. 622 (1930), holding that an employee cannot receive benefits under New York's workers' compensation laws unless his or her employment has some relationship with New York State. *See, e.g., Cameron* at 398, 169 N.E. 622.

R & W cites no authority, however, nor is this court aware of any, for the proposition that Titan's right to bring a third party contribution action is predicated on plaintiff's eligibility under New York's workers' compensation regime. In support of its contention, R & W cites *Cooney v. Osgood Mach.,* 81 N.Y.2d 66, 72, 612 N.E.2d 277, 595 N.Y.S.2d 919 (1993). However, in *Cooney* the court held that, because the parties lacked substantial contacts with New York, New York had no interest in having its law applied to the action. *Cooney,* did not hold that, had New York law applied, it would have barred the third party contribution claim. On the contrary, the court acknowledged New York's minority rule permitting third party contribution claims. *Id.* at 77, n. 2, 612 N.E.2d 277, 595 N.Y.S.2d 919. Thus, R & W has failed to establish that New York law bars Titan's claim. Summary judgment will therefore be denied.

### Conclusion

For the reasons stated above, R & W's motion for summary judgment is hereby denied; that portion seeking "reconsideration"

**610**

on the question of Florida law is hereby deemed a motion for reargument and is denied as time-barred.

It is so ordered.