■ JEFFREY NAVALLO et al., Plaintiffs, v AMERICAN STANDARD, INC., Doing Business as NEW JERSEY TRANE SERVICE, INC., Defendant and Third-Party Plaintiff-Respondent. OGDEN SERVICES CORPORATION et al., Third-Party Defendants-Appellants; BELL COMMUNICATIONS RESEARCH, INC., Sued Herein as BELL COMMUNICATIONS, INC., Third-Party Plaintiff-Respondent. [639 NYS2d 393] —In an action to recover damages for personal injuries, etc., the third-party defendants Ogden Services Corporation d/b/a Ogden Allied Services Corporation and Ogden Allied Eastern States Maintenance appeal from an order of the Supreme Court, Richmond County (Cusick, J.), dated October 20, 1994, which denied their motion for summary judgment seeking dismissal of (1) the third-party complaint of American Standard, Inc., d/b/a New Jersey Trane Service, and (2) the first cause of action of the third-party complaint of Bell Communications Research, Inc. s/h/a Bell Communications, Inc.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint of American Standard, Inc., d/b/a New Jersey Trane Service and the first cause of action of the third-party complaint of Bell Communications Research, Inc., s/h/a Bell Communications, Inc., are dismissed.

Under New York's choice of law rules, New Jersey law is applicable to bar the common-law contribution and implied indemnification claims interposed in the third-party actions by foreign domiciliaries against the injured plaintiff's employer

Ogden Services Corporation d/b/a Ogden Allied Services Corporation and Ogden Allied Eastern States Maintenance (collectively referred to as Ogden) (*see, e.g., Padula v Lilarn Props. Corp.,* 84 NY2d 519, 521; *Cooney v Osgood Mach.,* 81 NY2d 66, 73-74; *Schultz v Boy Scouts,* 65 NY2d 189, 194, 198-201; *Neumeier v Kuehner,* 31 NY2d 121; *Reale v Herco, Inc.,* 183 AD2d 163, 167; *Roach v McGuire & Bennett,* 146 AD2d 89, 91-93; *Weisberg v Layne-New York Co.,* 132 AD2d 550).

The application of New Jersey law to the common-law contribution and implied indemnity claims interposed against Ogden in the third-party complaints does not violate New York public policy and New York has only a minimal interest in determining the extent of the remedy in those actions (*see, e.g., Cooney v Osgood Mach., supra*). Therefore, the Supreme Court should have granted Ogden's summary judgment motion. Santucci, J. P., Krausman, Goldstein and Florio, JJ., concur.