MARIE C. MACKENZIE, PLAINTIFF, v. JEANNETTE M. OAKLEY, DEFENDANT.

Submitted July 3, 1919—Decided January 19, 1920.

Where the legal status of the plaintiff was that of an invitee to whom the duty of due care was owing by the defendant, and the situation in regard to the accident, was within the legal rule applicable to an accident, which suddenly and for no apparent cause happens, and yet from the very fact of its occurrence an abnormal situation is presented which bespeaks negligence, under the rule of *res ipsa loquitur;* the defendant is called upon for an explanation to exculpate herself from the legal inference or presumption of negligence, and the question whether the explanation was sufficient or not is one of fact for the jury.

On rule to show cause, Essex Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices MINTURN and BLACK.

For the plaintiff, *Abner Kalisch.*

For the defendant, *McDermott & Enright.*

The opinion of the court was delivered by

MINTURN, J. The plaintiff, who was a guest over night at defendant's home at Ridgewood, was invited in the morning upon her return to her home at East Orange to occupy a seat with defendant and others, in defendant's automobile, which was driven by her son, a competent licensed driver. On the Great Notch or Valley road, the car skidded and ran into a telegraph pole, severely injuring plaintiff, to recover for which injuries she brought this suit, and obtained a verdict for $7,000 damages, which is before us upon this rule, upon the ground of the absence of any proven negligence on the part of plaintiff, and the excessiveness of the damages.

The skidding of the machine was apparently due to the fact that a shower of rain had come up unexpectedly, which made the road slippery and dangerous, while the automobile was proceeding over a high crowned road, at a speed not to exceed from eighteen to thirty miles per hour, accordingly as one may view the credibility of the witnesses.

The legal status thus created was that of an invitee to whom the duty of due care was owing. *Phillips* v. *Library Co., 55 N. J. L.* 307.

In this respect the case was properly submitted to the jury as one of fact. The situation presented is within the rule applicable to an accident, which suddenly and for no apparent cause happens, and yet from the very fact of its occurrence an abnormal situation is presented which bespeaks negligence in operation, under the rule of *res ipsa loquitur,* which calls upon the defendant for an explanation to exculpate herself from the legal inference or presumption of negligence arising therefrom.

Cases of that general character in which this principle of liability was applied in this court, and in the Court of Errors and Appeals, are presented by *Sheridan* v. *Foley,* 58 *N. J. L.* 230, and *Higgins* v. *Goerke-Krich Co.,* 91 *Id.* 464, and the cases therein referred to.

The situation thus presented evolved an issue of fact for the jury, as to whether the defendant's explanation was sufficiently exculpatory. The jury having found for the plaintiff, the legal inference results that the explanation offered was not sufficient, and we are not therefore inclined to disturb the verdict upon the principle of legal liability upon which it was submitted.

We are of the opinion, however, upon a review of the testimony, that the verdict is excessive, and that it should be reduced to $3,500. Should the plaintiff accede to this reduction, the rule before us will be discharged. In the event of her declination, the rule will be made absolute upon the question of damages only, and a *venire de novo* may issue, limited to that inquiry.