LOUISE WILLETT, RUTH WILLETT, BY HER NEXT FRIEND, AND CORNELIUS WILLETT, APPELLANTS, v. WILLIAM HEYER, LOUISE HENDRICKSON AND ALBERT HENDRICKSON, RESPONDENTS.

Submitted October 28, 1927—Decided February 6, 1928.

For the appellants, *Theodore D. Parsons.*

For the respondents, *Jacob Schneider; Applegate, Stevens, Foster, Leonard* and *Reussille.*

The opinion of the court was delivered by

CAMPBELL, J. The appellants sought a recovery of damages for personal injuries resulting from a collision of two automobiles at the intersection of two highways.

The appellant Louise Willett, the mother of the respondent Louise Hendrickson, and Ruth Willett, a niece of the latter, were riding in an automobile driven by Mrs. Hendrickson, and were so doing by her invitation. The car was owned by the respondent Albert Hendrickson, the husband of Louise Hendrickson, and it was a car owned and maintained by him for the use of his wife and family.

The respondent William Heyer was the driver of the other car which came into collision with the car driven by Mrs. Hendrickson.

Two suits were instituted by the plaintiffs below, one against William Heyer and the other against Louise Hendrickson and Albert Hendrickson.

By order of the Circuit judge these suits were consolidated and the actions tried together as one cause resulting in the direction of nonsuits against the appellant Louise Willett as to all the respondents, and the entry of a voluntary nonsuit

as to the infant plaintiff Ruth Willett and her father, Cornelius Willett.

This appeal from the judgments of nonsuit entered against the appellant Louise Willett is directed at the error said to have been committed in directing such nonsuits.

The nonsuit as relating to the respondent Heyer was directed upon the ground that there was no evidence of negligence as to him. We have no difficulty in finding that the facts, circumstances and conditions of the happening as shown by the proofs presented evidence from which negligence could have been found as to both Heyer and Mrs. Hendrickson.

This required a submission of the cause to the jury for solution, and it was error not to do so.

The nonsuit as applying to the respondent Louise Hendrickson seems to have been directed upon the ground that the appellant Louise Willett at, or immediately before, the happening had assumed some control or direction over the driver of the car, Mrs. Hendrickson, which was the result of negligence, and so contributed to the happening as to make Louise Willett guilty of contributory negligence forbidding her a right of recovery against Mrs. Hendrickson.

This is based upon testimony showing that just before the happening, and when the Hendrickson car was some fifteen feet from the intersection of the highways where the collision took place, Mrs. Willett had said to Mrs. Hendrickson, "The coast is clear." This Mrs. Hendrickson so testified to. Mrs. Willett testified that she said, "Lou, the coast seems clear as far as I can see."

We think that this, together with the circumstances and conditions shown by the proofs to have existed at the time such remark was made, required the submission of the question of assumption of control and direction of the car by Mrs. Willett, and the question as to whether she was or was not negligent, to the jury, and that it was error not to have so done.

The nonsuit, as it went in favor of the respondent Albert Hendrickson, was directed upon the ground that Mrs. Willett was not an invitee of his, that he knew nothing about the

invitation extended to her by his wife, and that his wife was not his agent for that purpose.

The proofs were that it was a family car. Hendrickson, himself, so testified, and also that his wife drove the car "any time she wanted to."

This, under *De Mott* v. *Knowlton,* 100 *N. J. L.* 296, raised a presumption of fact that the car was driven by Mrs. Hendrickson as the agent of her husband, and that she was acting within the scope of her agency, and presented a jury question.

The judgments under review will, therefore, be reversed, with costs.

*For affirmance*—None.

*For reversal*—The Chief Justice, Trenchard, Parker, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, White, Van Buskirk, McGlennon, Kays, Hetfield, Dear, JJ. 15.