CHARLES A. WIRTH, PLAINTIFF-RESPONDENT, v. L. SIG-
MUND GABRY, THADDEUS GABRY, ALSO KNOWN AS
THEODORE GABRY, DEFENDANTS-APPELLANTS.

Submitted January 18, 1938—Decided July 5, 1938.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-respondent, *Herbert A. Kuvin*.

For the defendants-appellants, *William Krueger*.

The opinion of the court was delivered by

PORTER, J.  The action was to recover damages to plain-
tiff's automobile caused by a collision between it and the
automobile of the defendant L. Sigmund Gabry, which was
being operated by his infant son, Theodore Gabry. A
counter-claim was filed charging the driver of the plaintiff's
car with negligence, and seeking damages for personal injuries
suffered by the driver, and damages to the automobile suf-
fered by the owner.

The testimony was that Mr. Gabry, Sr., who owned the
automobile, purchased it for the benefit of his family; that
the son was an infant residing in the household of his father;
that at the time of the accident he was driving the car while
returning from his place of employment to his home; and
that his father had permitted him to use the car for that
purpose.

The trial court found as a fact that the accident was caused solely by the negligence of the infant defendant. Damages were assessed against both defendants.

The owner of the automobile appeals from the judgment against him, the contention being that the proofs were that there was no agency established between the driver and himself.

We conclude that his contention in that respect is sound.

On the facts as determined by the trial court on the question of agency, we think that the court was in error in finding that the son was acting as the agent or servant of the father. On the contrary, he was on his own business and acting solely for himself. True, the car was purchased by the father for the benefit of his family, but that fact of itself does not make him liable for the tortious acts of a member of his family who was using the car on his own business, convenience or pleasure. *Doran* v. *Thomsen,* 76 *N. J. L.* 754. The fact that the son was a minor and using the car to go to and from his place of business, and that out of his earnings he contributed to the maintenance of the household, does not alter the legal situation. Whether the father benefited or not by reason of the use of the car by the son, is not the test. While he was acting with his father's permission, he was not acting under his direction.

The judgment against L. Sigmund Gabry will be reversed, with costs.