SAGE CELIDONIO, PLAINTIFF-APPELLEE, v. A. Z. MOTORS COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted October 4, 1938—Decided December 15, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the defendant-appellant, *Townsend & Doyle* (*Cyril J. Galvin,* of counsel).

For the plaintiff-appellee, *Alfred E. Modarelli.*

The opinion of the court was delivered by

TRENCHARD, J. This is an appeal by the defendant below from a judgment in favor of the plaintiff, rendered by the District Court judge sitting without a jury.

The plaintiff brought the action for damages sustained by him resulting from the negligence of the defendant's agent in operating an automobile owned by the defendant company.

The sole specification of error argued is that the court below erred in refusing to direct a verdict for the defendant, *i. e.,*

a motion for judgment, on the ground that no issue of fact was presented upon the question whether or not, at the time of the accident, the driver of the defendant's car was operating it on his own behalf and on his own business and not on the business of the defendant or on its behalf.

We think an issue of fact was presented upon that question, and that therefore the motion was properly denied. The authorities principally relied upon by defendant-appellant are *Evers* v. *Krouse,* 70 *N. J. L.* 653; *Okin* v. *Essex Sales Co.,* 103 *Id.* 217; *affirmed,* 104 *Id.* 181, and *Wirth* v. *Gabry,* 120 *Id.* 432; 200 *Atl. Rep.* 556. But we believe these authorities are not in point. The Evers case involved the use of the father's tool for mischievous purposes; in the Okin case the employe disobeyed his employer's instruction and deviated from the business he was expressly directed to pursue; in the Wirth case the driver was "on his own business and was acting solely for himself."

We think the testimony in the case at bar brings the case within the ruling of such decisions as *Ferris* v. *McArdle,* 92 *N. J. L.* 580; *Dunne* v. *Hely,* 104 *Id.* 84, and *Bedell* v. *Mandel,* 108 *Id.* 22.

The evidence in the case at bar tended to show that, at the time of the accident, the defendant's car was being driven by one Robinson, who was employed (with one other man), by the defendant company to take care of its garage, service station and show room at night. Among their other duties these men drove customers home and brought their cars back to the garage, and they, and they alone, were in full charge at night. The president of the defendant corporation, who was in active charge of its affairs, testified that Robinson was permitted to use the corporation's cars, if he had to, and that he did not have to get permission so to do, and that such was a standing order. The testimony further tended to show that Robinson, on the night in question, took the president's son (a customer) to the latter's home about twelve-thirty o'clock in one of the defendant's cars, and the president of the company testified that Robinson had authority so to do. The testimony further tended to show that Robinson on that trip had a severe pain in his stomach, and after letting the

son out, and it being late for a drug store, he went to his own home (which it is to be inferred was in the same general neighborhood) for medicine which he had there for his stomach trouble, and then immediately started back to his work at the garage, and on the way back he collided with the plaintiff's car.

Numerous cases are to the effect that the question of responsibility of the master in somewhat similar situations is one of fact for the jury. *Ferris* v. *McArdle, supra; De Bello* v. *Reep & Blockford,* 2 *N. J. Mis. R.* 456; *affirmed,* 101 *N. J. L.* 218; *Dunne* v. *Hely, supra; Bedell* v. *Mandel, supra; Axford* v. *Purity Bakeries Corp.,* 112 *Id.* 594; *Efstathoponlos* v. *Federal Tea Co.,* 119 *Id.* 408.

Thus in the case of *Dunne* v. *Hely. supra,* the court said: "It is to be observed that it is not the circumstance of a deviation made from the direct route, that determines the question of liability of a master for the tortious action of his servant, but rather whether the act of deviation *per se* was so disconnected from the master's service as to exonerate him from liability." In that case, as well as in the others cited, it was held that a jury question was present and that a direction of a verdict was properly refused.

Now in the present case it seems to us that the evidence tended to show that the circumstance of the deviation was not so disconnected from the master's service as to exonerate the master from liability. It tended to show that the servant Robinson had taken the master's son home in one of defendant's cars, which it is admitted he was authorized to do, and was on his way back to the garage, after going to get the much needed medicine, to enable him to attend to his work for the master, which of course required that he be physically fit; and so it was clearly open to the judge, sitting as a jury, to find that going home for his medicine was incidental to his errand for the master, and was not abandonment of the master's business. See, also, *Axford* v. *Purity Bakeries Corp., supra.*

It follows that the defendant's motions were properly denied.

The judgment will be affirmed, with costs.