Susan Traub, an Infant, by Leila Herman, Her Guardian ad Litem, and David Traub, Appellants, v. David Blum and Evelyn Blum, Respondents.

First Department, December 19, 1941.

*James Rosthal,* for the appellants.

*Clarence E. Mellen,* for the respondents.

Untermyer, J. In July, 1938, Mrs. David Traub, then about to leave her home at Maplewood, N. J., for a visit to her husband at a hospital at New Haven, Conn., communicated her plans by telephone to her sister, the defendant Evelyn Blum. Mrs. Blum, who resided with her husband on a farm near Chester, N. J., said: " Well, what about Susan? " Susan was the ten-year-old daughter of the Traubs. Mrs. Traub replied: " Well, I believe I am going to drop her off at her grandmother's. It's on my way to the train. But I am not sure yet." Mrs. Blum then said: " Well, I would like to come and get her today and take her, but I am not able to get away. Suppose you drop her off there and I will make arrangements to come and get her."

On that afternoon Mrs. Traub took Susan to the home of the child's paternal grandmother in Newark, N. J., and then proceeded to Connecticut. A few days thereafter occurred the accident in

which the infant plaintiff was involved. On that day Mrs. Utis, another aunt residing at Orange, N. J., called for Susan at her grandmother's residence and brought her to Orange. This was done at Mrs. Blum's request, because the distance from Orange to the defendant's home was shorter than from Newark. Mrs. Blum then called for Susan at the home of Mrs. Utis in Orange and proceeded in the automobile owned by the defendant David Blum, her husband, to Morristown, N. J. Susan occupied the front seat with Mrs. Blum, who was operating the car. There were no other passengers.

At Morristown, Mrs. Blum purchased groceries for the household. The accident occurred in New Jersey on the way to the defendant's home on a roadway, about eighteen feet in width, which was wet with rain. According to the plaintiffs' proof, three of the tires of the automobile were worn smooth; on the fourth tire there was only a slight tread. At the approach to the place where the accident occurred there is a downward grade at the foot of which the road curves to the left. Mrs. Blum was familiar with the road but did not reduce the speed " between about forty-one and forty " miles per hour as she reached the curve. The car " skidded," left the road and crashed into a tree, causing severe injuries to the infant plaintiff.

Three contentions are urged by the defendants to sustain the verdict directed in their favor: *First,* that there was no proof of negligence on the part of the defendants; *second,* that under the laws of New Jersey the infant plaintiff was a mere licensee; and, *third,* that the defendant David Blum is not liable for the negligence of his wife. We think that each of these questions presented issues of fact which should have been submitted to the jury.

A jury might reasonably conclude that there was negligence in the speed of the car, exceeding the lawful rate of speed prescribed by statute in New Jersey (*Farley* v. *Kearson,* 121 N. J. L. 622; 3 A. [2d] 591; N. J. Rev. St. 1937, tit. 39:4-97, 98), the worn condition of the tires, of which the defendants must have been aware (*Lahr* v. *Tirrill,* 274 N. Y. 112, 116), and the operation of the car on a down grade at an unabated speed around a curve on a wet macadam road. (*Smith* v. *Kirby,* 115 N. J. L. 225; 178 A. 739; *Mackenzie* v. *Oakley,* 94 N. J. L. 66; 108 A. 771; *DiSalvo* v. *City of New York,* 254 App. Div. 886.) All these elements, the jury might have found, contributed to the accident.

The trial court, in directing a verdict in favor of the defendants, held that under the law of New Jersey the infant plaintiff was not an invitee to whom, under that law, the defendants owed the duty of reasonable care, but that she was a mere licensee to whom they

owed only the duty to refrain from willful injury. (*Doran* v. *Thomsen*, 76 N. J. L. 754; 71 A. 296; *Lutwin* v. *Dopkus*, 94 N. J. L. 64; 108 A. 862; *Faggioni* v. *Weiss*, 99 N. J. L. 157; 122 A. 840.) Upon the present record we think this also was a question for the jury, to be determined by the jury under proper instructions by the court with respect to the law of the State of New Jersey. It will be observed in this connection that Mrs. Traub did not request her sister, the defendant Evelyn Blum, to care for her daughter Susan during her absence at New Haven. She stated to her sister that arrangements had been made for Susan to remain at her grandmother's. It was Mrs. Blum who suggested that Susan come to her. It was Mrs. Blum who gave the instructions for Susan's transportation from Newark to Orange. Indeed, Mrs. Traub was not aware that her sister had taken Susan until several days after the accident. A jury might reasonably assume that Mrs. Blum, Susan's maternal aunt, extended the invitation on account of a mutual interest in the welfare of her sister's child. (*Smith* v. *Kirby*, supra; *Mackenzie* v. *Oakley*, supra.) This conclusion does not conflict with the principle that, under the law of New Jersey, the host is under no obligation to reconstruct or recondition his premises and that his guest may not recover for imperfections even though they could have been corrected with the exercise of reasonable care. He may only recover for " active " negligence, such as the jury could have found in the present case. (*Morril* v. *Morril*, 104 N. J. L. 557; 142 A. 337.)

There is no statute in the State of New Jersey corresponding to section 59 of the Vehicle and Traffic Law of this State. Under the law of the State of New Jersey, however, as under our law, the operator of an automobile is *prima facie* presumed to be acting as the agent of the owner and within the scope of his agency. (*Mahan* v. *Walker*, 97 N. J. L. 304; 117 A. 609; *Crowell* v. *Padolsky*, 98 N. J. L. 552; 120 A. 23; *Spelde* v. *Galtieri*, 102 N. J. L. 203; 130 A. 526.) There also prevails in New Jersey a rule of evidence, described as the " family car doctrine," that where an automobile owned by the head of the family is used by one of its members a presumption arises that the driver is the owner's agent and similarly acting within the scope of his authority. (*Willett* v. *Heyer*, 104 N. J. L. 391; 140 A. 411; *DeMott* v. *Knowlton*, 100 N. J. L. 296; 126 A. 327; *Missell* v. *Hayes*, 86 N. J. L. 348; 91 A. 322.) The presumption resulting from that doctrine is, of course, subject to rebuttal. (*Wirth* v. *Gabry*, 120 N. J. L. 432; 200 A. 556.)

We are of opinion that whether the question is to be decided under the law of New Jersey or under the law of this State a *prima facie* presumption of agency exists which was not rebutted by any

evidence offered by the defendants. Under the laws of New Jersey, the " family car doctrine " would seem to apply, particularly since it was shown that Mrs. Blum had purchased provisions for the household while traveling to the defendants' home accompanied by her niece as a guest of the family. Such use of the family car was entirely consistent with an authorized agency. Similarly, under the law of this State, in the absence of any evidence that the automobile was in use without the authority of the defendant David Blum, the plaintiffs established the wife's agency *prima facie* by proof that she was in possession of the automobile at the time of the accident. (*Smith* v. *Clute*, 277 N. Y. 407.)

The judgment and order should be reversed and a new trial ordered, with costs to the appellants to abide the event.

GLENNON, DORE and CALLAHAN, JJ., concur; MARTIN, P. J., dissents and votes to affirm.

MARTIN, P. J. (dissenting). The legal relationship existing between the defendant aunt and her niece, the infant plaintiff, under the New Jersey authorities, was that of licensor and licensee. (*Morril* v. *Morril*, 104 N. J. L. 557; 142 A. 337. See, also, discussion of relation in *Comeau* v. *Comeau*, 285 Mass. 578; 189 N. E. 588; 92 A. L. R. 1002.) There being no proof of willful injury, judgment was properly directed for defendants and should be affirmed.

Judgment and order reversed and a new trial ordered, with costs to the appellants to abide the event.