Lotus J. Capozzoli, J.
The infant plaintiff, a niece of the defendant, was visiting at defendants’ home, a one-family house, in Paramus, New Jersey, and was injured by falling over a wooden stake embedded in the ground of the defendants ’ premises, near the garage door and protruding about eight inches above ground. This stake had been put into the ground by the defendant, Aaron Schimmel, about one or two months previously and used to hold a wooden form in place, in connection with some concrete work which had been completed some time prior to the accident. At the time of the accident the infant plaintiff was a little over seven years and three months of age.
It is elementary that the law of the State of New Jersey must be applied to this case. An examination of the New Jersey law discloses that a social visitor is regarded as a licensee and, as such, takes the premises as he finds them, unless the proximate cause of injury was something in the nature of a trap or of an affirmative act of negligence. (Lordi v. Spiotta, 133 N. J. L. 581; Morril v. Morril, 104 N. J. L. 557; Gregory v. Loder, 116 N. J. L. 451; Cosgrove v. Malstrom, 127 N. J. L. 505; Lewis v. Dear, 120 N. J. L. 244; Taneian v. Meghrigian, 15 N. J. 267.)
The court finds that, in this connection, the New Jersey law is similar to the New York law. (Vaughan v. Transit Development Co., 222 N. Y. 79; Roth v. Prudential Life Ins. Co., 266 App. Div. 872; Sheingold v. Behrens, 275 App. Div. 686; Traub v. Blum, 263 App. Div. 92.)
In the case of Traub v. Blum (supra, p. 94) there is the following: “ under the law of New Jersey, the host is under no obligation to reconstruct or recondition his premises and * * * his guest may not recover for imperfections even though they could have been corrected with the exercise of reasonable care. He may only recover for ‘ active ’ negligence ”.
Since the law of New Jersey and that of New York are similar, this court invites attention to a recent decision of the Appellate Division, First Department, Wilder v. Ayers (2 A D 2d 354, affd. 3 N Y 2d 725) which reaffirms the principle of law discussed herein. In this latter ease the plaintiff guest was injured while walking across the defendant’s grounds by stepping on the higher of two low stone lateral structures crudely constructed by the use of loose stones. Mr. Justice Breitel, in writing the opinion of the court, said (pp. 355-356) as follows: “ The respective obligations of an owner to those on his land are rather clear. To a licensee the owner owes no greater duty than to *631 avoid the maintenance of traps, hidden dangers, or wanton and reckless conduct to which the licensee may be exposed, unless the latter is first warned. * * * It has frequently been said that a licensee, such as a social guest, takes the premises as he finds them and that he is entitled to no greater protection than a member of the owner’s household. * * * This analysis, however, contains a verbal paradox. Most of the States, including New York (see Traub v. Liekefet, 2 A D 2d 22; 25 A. L. R. 2d 598 et seq.) hold that a social guest, to be sure, is oue invited, but is not an ‘ invitee ’ * * * In spite of the superficial verbal inconsistency, the social guest rule has worked well in practice and, with minor exceptions, the courts have declined to raise the social guest to a status higher than that of licensee ”.
After carefully considering the evidence in this case, and the law to which reference has hereinabove been made, the court finds that the agency causing the accident was not in the nature of a trap-, or a hidden danger, nor the result of wanton and reckless conduct, or of active negligence. There is no liability in law on the part of the defendants for this accident and the complaint is, therefore, dismissed.
This case was tried without a jury and findings of fact and conclusions of law were waived by both parties.
This constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.