## (April 18, 1967)

■ RITA LAIACONA, as Administratrix of the Estate of SALVATORE J. LAIACONA, Deceased, Respondent, v. HUGH S. TEN EYCK, Appellant.— Judgment in favor of plaintiff in the sum of $30,352, reversed, on the law and on the facts, the verdict vacated, and a new trial granted, with $50 costs and disbursements to defendant-appellant, unless plaintiff stipulates to accept $17,500 in lieu of the award by verdict, in which event the judgment is modified to that extent, and is affirmed as thus modified, with $50 costs and disbursements to defendant-appellant. In this personal injury action, it is evident that the jury verdict is excessive in its award of damages, and that a verdict in excess of $17,500 is not warranted by the record. The action arose out of an automobile collision in New Jersey, when the front of a motor vehicle owned by defendant and operated by his daughter with his permission collided with the rear of a car owned and operated by the decedent. The daughter was 20 years of age at the time of the accident and was driving home from Paterson State Teachers' College, where she was a student. The college was located some 30 miles from the home of the defendant, and the courses in which the daughter was enrolled ended at 9:15 P.M. The defendant conceded that he paid the tuition charges for his daughter, that he owned the motor vehicle at the time of the accident, paid for all maintenance and repairs, that he supplied the automobile for his own use and for the use of any member of his family who cared to use it, that it was so used by members of the family, that he used it himself, that he maintained and supported his daughter, and was interested in her safety at all times. The record presents a jury question as to whether

the daughter at the time of the accident was the agent of her father, the defendant herein. (*Traub* v. *Blum*, 263 App. Div. 92; *De Mott* v. *Knowlton*, 100 N. J. L. 296.) In the latter case, a mother was driving her children in the family car, owned by her husband. The car went out of control, went up on the sidewalk, and struck the plaintiff. The evidence was that the automobile was a family car, furnished by the husband for the recreation, health and convenience of his wife and children, and they had no paid driver. The wife, with the acquiescence of her husband, regularly and usually took their children out for an airing, and she had them with her at the time of the accident in question. The New Jersey court held that the mere fact that during the drive the wife made a personal call upon a friend did not justify a nonsuit of the plaintiffs nor a direction of a verdict for the defendant owner. The court held that the automobile, at the time of the accident, was occupied by the owner's immediate family, and the evidence tended to show that it was being used for the health and enjoyment of his wife and children, which was his affair and business, which he recognized by furnishing the automobile for that purpose. *Wirth* v. *Gabry* (120 N. J. L. 432, affd. 122 N. J. L. 95) is readily distinguishable. In this nonjury case, the trial court found for the plaintiff. The appellate court, on its review of the facts, found the son used the car traveling to and from his place of employment, and, although he was acting with his father's permission, he was acting in furtherance of his own business and not under the direction of his father. Concur — Capozzoli, Tilzer, McNally and McGivern, JJ.; Steuer, J. P., dissents in the following memorandum: This case illustrates the unfortunate consequences of trying a case in an unsuitable forum. The action is against a New Jersey resident for an accident happening in New Jersey. A rather fine point of New Jersey law is involved and, conditioned as our courts are to an entirely different statutory and decisional concept, it is not remarkable if the nuances of the legal situation are resolved as they would be here rather than as they would probably be in the home of that law. Briefly stated, the accident occurred while the defendant's daughter was driving the car, returning from the school she was attending to the family home. She regularly used the car to go to and from school. The question involved is the liability of the owner of the car, driven with his consent. Here, no problem would be presented (Vehicle and Traffic Law, § 388). New Jersey has no statute imposing vicarious liability. By case law, an absent owner is liable if the car is used on his business. In the case of a car owned by the head of a family and driven by a member of the family, there is a rebuttable presumption that the driver is the owner's agent (*Willett* v. *Heyer*, 104 N. J. L. 391). The question is therefore reduced to what under New Jersey law rebuts the presumption. Where the car is being used by one member of the family for his own purposes, the presumption is rebutted (*Doran* v. *Thomsen*, 76 N. J. L. 754). The mere fact that he is a member of the family, residing at the family home, and that his purpose is of indirect benefit to the family does not change this (*Wirth* v. *Gabry*, 120 N. J. L. 432, affd. 122 N. J. L. 95). In that case the owner's son used the car regularly to go to and from work, and the accident occurred while he was so engaged. He resided at the family home and his earnings contributed to the family welfare. "Whether the father benefited or not by reason of the use of the car by the son, is not the test. While he was acting with his father's permission, he was not acting under his direction" (p. 433). The case is indistinguishable from the one at bar. The relationship, the permission, the use and the interest of the father are legally identical; only the result is different. Settle order on notice.