ANTHONY BELISARIO, Plaintiff, v MANHATTAN MOTOR RENTAL, INC., et al., Respondents; AMERICAN EXPORT ISBRANDTSEN LINES, INC., Appellant, et al., Defendant.

First Department, July 10, 1975

*William F. McNulty* of counsel *(Anthony J. McNulty* with him on the brief; *Hanner, Onorato & Hogarty,* attorneys), for appellant.

*William K. Kerrigan* of counsel *(James E. Hannon* and *Barry, McTiernan, Moore & Siracuse,* attorneys), for respondents.

*Per Curiam.* This case originated as the result of a personal injury inflicted upon a cargo checker when, by reason of the negligence of the driver of a tractor-trailer combination, he

was caused to fall from a ladder being used to check the load on the trailer. Both the defendant driver and the injured plaintiff have long since departed the scene by reason of settlement of the action at trial. What remains is the appeal taken from the judgment resulting from the claims over for indemnification made by the owner of the tractor and the lessee of the tractor against the owner of the trailer.

Plaintiff was injured at Port Newark, N. J., the accident involving the tractor-trailer combination driven by defendant Woods, an employee of defendant-respondent Artist Trucking Corp.; the trailer was owned by defendant-appellant American Export Isbrandtsen Lines, Inc., and the tractor, owned by defendant Manhattan Motor Rental, Inc., was leased to Artist. Plaintiff sued all defendants and the case was settled as between them, the parties defendant agreeing that a claim over for indemnity on the settlement of defendants Artist and Manhattan against defendant American Export would be submitted to the court alone for adjudication on an agreed statement of fact.

The crucial question for adjudication was whether to apply the law of New York or New Jersey to the situation. As has been said, the situs was New Jersey. The driver of the tractor was a New Jersey resident, licensed there and in New York to drive. Plaintiff, a resident of New York, was employed daily at Port Newark. Though Artist, lessee of the tractor was a New York corporation, its principal office was in New Jersey. New Jersey has no statute comparable to our own section 388 of the Vehicle and Traffic Law, imposing vicarious liability on an owner for the misdeeds of his vehicle's driver; as the trial court properly observed, "if we apply the *lex locus delictus,* the trailer owner has no liability for this accident." Defendants-appellants have presented nothing to the contrary. The court decided, however, that, tested by *Babcock v Jackson* (12 NY2d 473) the "center of gravity" under a "grouping of contacts" was in New York. Having so held, the court attached vicarious liability by application of section 388 to the owner of the trailer, defendant American Export, and assessed against it a portion of the settlement by way of indemnity. In no other way than under section 388 could such liability have been found under New York law in these circumstances: the lease passed full control to the lessee, the trailer's owner was not the driver's employer nor was it being used for the

owner's business, nor was there any other factor from which an agency relationship with the driver could have been inferred. (See *Laiacona v Ten Eyck,* 27 AD2d 910, affd 21 NY2d 980.)

We hold the application of *Babcock* to this case to have been inappropriate. Every significant factor points to New Jersey as this case's center of gravity. There is truly no factor which operates to invoke the *Babcock* exception to the ancient rule making the situs of the accident controlling in the decision as to what law should be applied. It is of no consequence that plaintiff lived in New York; the aspect of his life of major significance in this case, his employment, was in New Jersey. It is of no significance that Artist was a New York corporation; its principal office was in New Jersey. It does not matter that the tractor was registered in New York, whence it had been driven and to which it would return; its employment was in New Jersey by a corporation with a New Jersey principal place of business. It is an insignificant factor that the standard interchange agreement (lease) as to the trailer was made in New York; its implementation took place in New Jersey. The various insurance policies, written in New York, covered New Jersey operations. The owner of the trailer, a New York corporation, conducted its principal operation at Port Newark. It is almost supererogatory to point out that the driver was a New Jersey resident and that the accident occurred at Port Newark. No aspect connected with New York played more than a minor role. Most important of all, this is not a case in which the basic purpose of *Babcock* would be served. That purpose is perhaps best expressed by *Babcock's* writer, Judge (later Chief Judge) FULD, in his quotation (p 480) of Chief Judge DESMOND's expression in *Kilberg v Northeast Airlines* (9 NY2d 34, 39): "Modern conditions make it unjust and anomalous to subject the traveling citizen of this State to the varying laws of other States through and over which they move. * * * An air traveler from New York may in a flight of a few hours' duration pass through * * * commonwealths [limiting death damage awards]. His plane may meet with disaster in a State he never intended to cross but into which the plane has flown because of bad weather or other unexpected developments, or an airplane's catastrophic descent may begin in one State and end in another. The place of injury becomes entirely fortuitous. Our courts should if possible provide protection for our own State's people against

unfair and anachronistic treatment of the lawsuits which result from these disasters."

This is not an "in transit" case but a "fixed location" case. Nor is it a case where protection is required "for our own State's people against unfair and anachronistic treatment." New York has no interest whatever to be served. Indeed, in the circumstances, it would be sheer impertinence to invoke New York law. The surrounding circumstances indicating lack of liability on the part of defendant American Export under New York law, except by application of section 388, are still operative when New Jersey law is applied. Absent a statute or decision in New Jersey imposing vicarious liability on American Export for the negligence of Artist's driver, there is no basis for recovery over by way of indemnity by Manhattan and Artist when New Jersey law is applied.

The judgment, Supreme Court, New York County (STECHER, J.), entered December 3, 1974, in favor of defendants-respondents Manhattan Motor Rental Inc. and Artist Trucking Corp. against defendant-appellant American Export Isbrandtsen Lines, should be reversed, on the law, and judgment should be directed dismissing the cross claims of defendants-respondents against defendant-appellant, with costs.

STEVENS, P. J., MARKEWICH, KUPFERMAN, LUPIANO and CAPOZZOLI, JJ., concur.

Judgment, Supreme Court, New York County, entered on December 3, 1974, unanimously reversed, on the law, and vacated, and the Clerk is directed to enter judgment dismissing the cross claims of defendants-respondents against defendant-appellant, with costs. Appellant shall recover of respondents $60 costs and disbursements of this appeal.