MARYETTA CUNNINGHAM, Respondent, v COLUMBUS McNAIR et al., Defendants; CLIFTON THOMPSON, Respondent, and AVIS RENT-A-CAR, INC., Appellant.

First Department, July 10, 1975

*Richard S. Wolfeld* of counsel *(Cooperstein & Wolfeld, P. C.,* attorneys), for appellant.

*Philip Hoffer* of counsel *(Rose L. Hoffer* and *Peter T. Affatato* with him on the brief; *Raymond J. MacDonnell,* attorney), for respondent.

LUPIANO, J. Plaintiff, a New York resident, was a passenger in an automobile owned by a New York resident and driven by another New York resident on a trip which began in New York and was due to terminate in New York. While driving through Maryland on April 10, 1971, the New York vehicle was involved in an accident with a vehicle owned by defendant Avis Rent-A-Car, Inc. (hereinafter Avis), which was registered in Virginia, and was leased from Avis in Maryland by a resident of Mississippi. Defendant Avis, after the commencement of the instant action, moved for summary judgment dismissing the complaint and cross complaint against it on the ground that neither Maryland nor Virginia law gives rise to a cause of action sounding in vicarious liability. Special Term in denying this motion applied New York law (Vehicle and Traffic Law, § 388) rather than Maryland law. The critical issue is thus, whether under the circumstances of this case, New York law rather than the law of the situs of the accident, applies. In Virginia and Maryland, the law is to the effect that the mere ownership of a motor vehicle does not render the owner liable for an accident which occurs while the vehicle is being operated by another person, *unless* the owner is present or where the driver is acting as the owner's agent, servant or employee *(Taylor v Wesley Freeman, Inc.,* 186 Md 474 [1946]; *Lumbermens Mut. Cas. Co. v Indemnity Ins. Co. of North Amer.,* 186 Va 204 [1947]). New York, however, imposes vicarious liability on an owner for the misdeeds of his vehicle's driver (Vehicle and Traffic Law, § 388).

The traditional rule that the substantive rights and liabilities arising out of a tortious occurrence are determined by the law of the place of the tort, having its inception in the vested

rights doctrine and being governed by generalities which do not state the practical considerations involved, was emphatically undermined by *Babcock v Jackson* (12 NY2d 473 [1963]) which adopted the enlightened doctrine of "center of gravity" or "grouping of contacts". "The 'center of gravity' or 'grouping of contacts' doctrine adopted by this court in conflicts cases involving contracts impresses us as likewise affording the appropriate approach for accommodating the competing interests in tort cases with multi-State contacts. Justice, fairness and 'the best practical result' *(Swift & Co. v Bankers Trust Co.,* 280 NY 135, 141, *supra)* may best be achieved by giving controlling effect to the law of the jurisdiction which, because of its relationship or contact with the occurrence or the parties, has the greatest concern with the specific issue raised in the litigation" *(Babcock v Jackson, supra* p 481). The circumstances underlying *Babcock v Jackson* are noteworthy for our purposes in that the plaintiff, a New York resident, left for a weekend car trip from New York to Canada which was to end in New York. The fact that the accident occurred in Ontario, Canada was a purely adventitious circumstance. In *Neumeier v Kuehner* (31 NY2d 121 [1972]), the defendant's intestate, Arthur Kuehner, a resident of New York, drove his automobile from Buffalo to Fort Erie in Ontario where he picked up Amie Neumeier, who lived in that town with his wife and children. The trip was to take Neumeier from his home in Ontario, to Long Beach in Ontario, and back again to Neumeier's home in Ontario. However, on the way to Long Beach, the car was struck by a train and both Kuehner and his guest-passenger were killed. Applying the *Babcock v Jackson* rationale, the Court of Appeals concluded that Ontario law should govern, which law happened to be of *lex loci delictus.* As Judge BREITEL aptly observed in his concurring opinion: " *lex loci delictus* is unsoundly applied if it is done indiscriminately and without exception. It is still true, however, that *lex loci delictus* is the normal rule, as indeed, Chief Judge FULD noted in the *Tooker* case (24 NY2d 569, *supra),* to be rejected only when it is evident that the situs of the accident is the least of the several factors or influences to which the accident may be attributed (for discussion, see dissenting opn. in *Tooker v Lopez,* 24 NY2d, at pp 595–596) * * * Consequently, I agree that there should be a reversal and the defenses allowed to stand. The conclusion, however, rests simply on the proposition that plaintiff has failed by her allegations to establish that the relationship to this State was

sufficient to displace the normal rule that the *lex loci delictus* should be applied, the accident being associated with Ontario, from inception to tragic termination, except for adventitious facts and where the lawsuit was brought" *(Neumeier v Kuehner, supra* pp 131–132).

Applying an "interest analysis" test to this case, it is clear that the State of New York has the most significant relationship with the issues presented. Maryland, the situs of the accident, has no true involvement in this case since neither the owners, drivers nor passengers of either vehicle were residents of Maryland, nor was either vehicle registered in that State. Further, the State of Virginia has no genuine involvement in this case simply because the defendant Avis' vehicle was registered there. The basic purpose of the rule enunciated in *Babcock v Jackson (supra),* is eloquently expres ed by Judge (later Chief Judge) FULD in his quotation of Chief Judge DESMOND's statement in *Kilberg v Northeast Airlines* (9 NY2d 34, 39):

"Modern conditions make it unjust and anomalous to subject the traveling citizen of this State to the varying laws of other States through and over which they move. * * * An air traveler from New York may in a flight of a few hours' duration pass through * * * commonwealths [limiting death damage awards]. His plane may meet with disaster in a State he never intended to cross but into which the plane has flown because of bad weather or other unexpected developments, or an airplane's catastrophic descent may begin in one State and end in another. The place of injury becomes entirely fortuitous. Our courts should if possible provide protection for our own State's people against unfair and anachronistic treatment of the lawsuits which result from these disaster" *(Babcock v Jackson, supra,* p 480). Section 388 of the Vehicle and Traffic Law imposing vicarious liability upon the owner of a motor vehicle has been held by case law not to be necessarily limited to accidents occurring within the State of New York *(Matter of Sentry Ins. Co. [Amsel],* 36 NY2d 291 [1975]; *Farber v Smolack,* 20 NY2d 198 [1967]). The Court of Appeals has most recently indicated in *Matter of Sentry Ins. Co. (Amsel) (supra,* p 295) that the legislative history of section 388 of the Vehicle and Traffic Law "indicates that the Legislature intended to enlarge the vehicle owner's vicarious liability and not to draw the line at the border." It is significant that the defendant Avis is a nationwide car rental agency that maintains fleets of cars in almost every State. Under these circumstances the

place of said defendant's incorporation or the particular location where one of its vehicles was rented appears to be of little import. Under these circumstances the only redress available to plaintiff as the injured party and a resident of the State of New York is that granted to her by the afore-mentioned case law under the auspices of section 388 of the Vehicle and Traffic Law. *Belisario v Manhattan Motor Rental* (48 AD2d 477 [1st Dept., 1975]) is fully supportive of this conclusion. Application of the *Babcock* doctrine in that case led to the conclusion that the law of New Jersey applied under the circumstances therein. It was aptly observed that *Belisario* was not an "in transit" case but a "fixed location" case. It was also further observed that *Belisario* was not a case where protection was required "for our own State's people against unfair and anachronistic treatment".

Accordingly, the order of the Supreme Court, New York County (GELLINOFF, J.), entered February 13, 1975, should be affirmed without costs and disbursements.

NUNEZ, J. (dissenting). Plaintiff, a New York resident, was injured on April 10, 1971 in Maryland. She was a passenger in an automobile owned and driven by New York residents, which collided with an automobile registered in Virginia and leased from appellant, Avis Rent-A-Car, Inc., in Maryland by its driver, a resident of Mississippi.

The case against Avis is based solely upon section 388 of the New York Vehicle and Traffic Law which imposes vicarious liability on the owner of a vehicle although operated by another with the owner's consent. In Maryland, however, vicarious liability is not imposed upon the owner unless the negligence of the driver may be imputed to the owner *who is present* in the vehicle at the time of the accident or unless the driver is acting as the owner's agent, servant or employee. *(Taylor v Wesley Freeman, Inc.,* 186 Md. 474; *Clark v Junkins,* 245 Md. 104; *Williams v Wheeler,* 252 Md. 75.) Virginia has a similar vicarious nonliability rule. (See *Lumbermens Mut. Cas. Co. v Indemnity Ins. Co. of North Amer.,* 186 Va. 204.)

The Court of Appeals has applied New York law to accidents occurring outside the State but only where the parties were both domiciled in New York, the automobile was registered in New York and New York compulsory insurance laws applied. *(Babcock v Jackson,* 12 NY2d 473; *Tooker v Lopez,* 24 NY2d 569.) In *Neumeier v Kuehner* (31 NY2d 121) the Court

of Appeals reversed the Appellate Division which had applied New York law. At page 125 the court said: "Thus, *Tooker v Lopez* did no more than hold that, when the passenger and driver are residents of the same jurisdiction and the car is there registered and insured, its law, and not the law of the place of accident, controls and determines the standard of care which the host owes to his guest."

Appellant's automobile was registered in Virginia. It was leased to its customer in Maryland for use in Maryland. The accident occurred in Maryland. I perceive no basis whatever to saddle this owner with the vicarious liability imposed by New York law. Certainly it cannot be said that in registering the car in Virginia and leasing it in Maryland, appellant could foresee any possibility of being subject to New York law. "We see no compelling reason why that policy [that motorists sha.ı be financially able to respond in damages for their negligent acts] should be implemented when the owner is not a New York resident, the automobile is not registered in New York * * * the accident did not occur in New York and the injured party is not a resident of New York." *(Rogers v U-Haul Co.,* 41 AD2d 834–835.) I readily concede that we no longer mechanically apply the common-law rule of *lex loci delictus* in tort cases. Our courts now have adopted a rule of choice of law in a conflict situation which looks to reason and justice in its selection of which law should apply. However, the ancient rule making the law of the situs of the accident controlling still applies with rare exceptions not here germane. (See *Dym v Gordon,* 16 NY2d 120; *Kilberg v Northeast Airlines,* 9 NY2d 34.) Furthermore, the majority's determination is in direct conflict with the unanimous holding by this court this very day in *Belisario v Manhattan Motor Rental* (48 AD2d 477). Indeed, *Belisario* was a much stronger case for application of New York law, for Belisario, the plaintiff, lived in New York, the defendant was a New York corporation and the tractor involved in the accident was registered in New York. Yet, my colleagues reversed Special Term and applied New Jersey or situs law.

That appellant's automobile collided with another automobile in which a New York resident (plaintiff) was a passenger was a purely fortuitous circumstance. It is a fundamental rule of law that generally, when we go into any given jurisdiction we submit to and are bound by their laws. Concededly, under the Maryland or Virginia law appellant is not liable to plain-

tiff. I would reverse and grant appellant's motion to dismiss the complaint and cross complaint.

MARKEWICH, J. P., and YESAWICH, J., concur with LUPIANO, J.; CAPOZZOLI and NUNEZ, JJ., dissent in an opinion by NUNEZ, J.

Order, Supreme Court, New York County, entered on February 13, 1975, affirmed, without costs and without disbursements.