Helene T. FRANKLIN, as Administratrix of the Estate of Yetta Franklin and as guardian of Sharon Franklin, an infant over the age of 14 years, and Helene T. Franklin, Individually, Plaintiffs,

v.

NELSON FREIGHTWAYS, INC., Defendant and Third-Party Plaintiff,

v.

Marilyn C. SHIEBER, Third-Party Defendant.

No. 73 C 762.

United States District Court, E. D. New York.

March 3, 1976.

Harry H. Lipsig, New York City, for plaintiffs.

Wm. H. Morris, New York City, for plaintiff on counterclaim in N.Y. action.

Leahy & Johnson, New York City, for Nelson Freightways.

McLaughlin & Lawlor, New York City, for Shieber, third-party defendant; O'Hagen, Reilly & Trecartin, New York City, of counsel.

## OPINION AND ORDER

PLATT, District Judge.

Plaintiff moves to strike the affirmative defense of defendant Nelson Freightways, Inc. interposed in its amended answer alleging the applicability of the so-called Connecticut Family Car Doctrine to plaintiffs' claims herein and asserting that such Doctrine precludes recovery by the plaintiff.

In her complaint plaintiff sues for $2,000,000 in damages for personal injuries suffered by her infant sister and herself (first claim) and for the same sum for the wrongful death of their mother (second claim).

Jurisdiction, which is not disputed, is based upon diversity of citizenship (28 U.S.C. § 1332, et seq.).

Plaintiff's claims arise out of an automobile-truck collision on December 30, 1972 on the Wilbur Cross Highway, a high speed limited access highway located in Connecticut.

On that day plaintiff and her infant sister, Sharon, were seated in the rear of a car being driven by their father, Paul Franklin, who was seated alongside their mother, Yetta Franklin, the owner of the car. They were travelling from Brooklyn to Boston apparently to visit

relatives. The car was registered and insured in New York.

Near Union, Connecticut, in Tolland County, a tractor-trailer truck, being driven by David Forbes, a citizen of Massachusetts, had stopped in the right lane of the two east-bound traveling lanes at the time the collision occurred.

The tractor portion of the truck was owned by Lewis & Son Leasing Co. of Fort Payne, Alabama, and was registered in Alabama. The trailer portion was registered in Maine and owned by Lewis & Son Leasing Co. of Massachusetts. Both the tractor and trailer were leased permanently by Lewis & Son Leasing Co. to the defendant, Nelson Freightways, Inc., the original lease period being for the term of 30 days and thereafter continued from month to month. The defendant, Nelson Freightways, Inc., is a Connecticut corporation which has a place of business and is doing business in New York.

For some unknown reason defendant has filed no papers in opposition to plaintiff's motion.

Plaintiff takes the position that the law of Connecticut must apply in determining the negligence of defendant's driver, David Forbes, since it is only proper that the law of Connecticut apply to the manner in which drivers using the highways of that State conduct themselves, citing *Babcock v. Jackson,* 12 N.Y.2d 473, at p. 483, 240 N.Y.S.2d 743, 191 N.E.2d 279 (1963). This clearly seems to be the law in New York (on which the Court must rely in this case, *Klaxon Co. v. Stentor Electric Manufacturing Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)) as indicated in the following statement on the issue by the Court of Appeals (12 N.Y.2d, at p. 483, 240 N.Y.S.2d at 750, 191 N.E.2d at 284):

> "Where the defendant's exercise of due care in the operation of his automobile is in issue, the jurisdiction in which the allegedly wrongful conduct occurred will usually have a predominant, if not *exclusive,* concern. In such a case, it is appropriate to look to the law of the place of the tort so as

to give effect to that jurisdiction's interest in regulating conduct within its borders, and it would be almost unthinkable to seek the applicable rule in the law of some other place." (Emphasis added).

The question remains, however, whether, as plaintiff contends, the New York law concerning vicarious liability applies to this accident or whether, as defendants have alleged, the so-called Connecticut Family Car Doctrine (Connecticut General Statute Annotated 52–182) and the owner-presumption doctrine (CGSA 52–183) should be applied.

The most recent case on the subject in New York is *Cunningham v. McNair,* 48 A.D.2d 546, 370 N.Y.S.2d 577 (1st Dept. July 10, 1975), which we are informed is no longer being appealed to the Court of Appeals, having been settled.

The facts in the *Cunningham* case are very close to those in the case at bar. In that case (as in this case) plaintiff, a New York resident, was a passenger in an automobile owned by a New York resident and driven by another New York resident on a trip which commenced in New York and was due to terminate in New York. While driving through Maryland the New York vehicle became involved in an accident with a vehicle owned by Avis Rent-a-Car Inc. which was registered in Virginia and leased from Avis in Maryland by a resident of Mississippi. After the commencement of the action Avis moved for summary judgment on the ground that neither Maryland nor Virginia law gave rise to a cause of action sounding in vicarious liability, the laws in such states being that the mere ownership of a motor vehicle does not render the owner liable for an accident which occurs while the vehicle is being operated by another person unless the owner is present or where the driver is acting as the owner's agent, service or employee. New York, however, imposes vicarious liability on an owner for the misdeeds of his vehicle's driver.

In denying defendants motion and holding New York law to be applicable,

the Appellate Division, First Department, said (370 N.Y.S.2d at pp. 580–581):

"Applying an 'interest analysis' test to this case, it is clear that the State of New York has the most significant relationship with the issues presented. Maryland, the situs of the accident, has no true involvement in this case since neither the owners, drivers or passengers of either vehicle were residents of Maryland nor was either vehicle registered in that State. Further, the State of Virginia has no genuine involvement in this case simply because the defendant Avis' vehicle was registered there. The basic purpose of the rule enunciated in *Babcock v. Jackson, supra,* is eloquently expressed by Judge (later Chief Judge) Fuld in his quotation of Chief Judge Desmond's statement in *Kilberg v. Northeast Airlines,* 9 N.Y.2d 34, 39, 211 N.Y. S.2d 133, 172 N.E.2d 526:

'Modern conditions make it unjust and anomalous to subject the traveling citizen of this State to the varying laws of other States through and over which they move. . . . An air traveler from New York may in a flight of a few hours' duration pass through . . . commonwealths [limiting death damage awards]. His plane may meet with disaster in a State he never intended to cross but into which the plane has flown because of bad weather or other unexpected developments, or an airplane's catastrophic descent may begin in one State and end in another. The place of injury becomes entirely fortuitous. Our courts should if possible provide protection for our own State's people against unfair and anachronistic treatment of the lawsuits which result from these disasters'. (*Babcock v. Jackson, supra* at p. 480, 240 N.Y. S.2d at 748, 191 N.E.2d at 282.).

Vehicle and Traffic Law § 388 imposing vicarious liability upon the owner of a motor vehicle has been held by case law not to be necessarily limited to accidents occurring within the State of New York, *Matter of Sentry Insurance Co. (Amsel),* 36 N.Y.2d 291, 367 N.Y.S.2d 480, 327 N.E.2d 635 [1975]; *Farber v. Smolack,* 20 N.Y.2d 198, 282 N.Y.S.2d 248, 229 N.E.2d 36 [1967]. The Court of Appeals has most recently indicated in *Matter of Sentry Insurance Co. (Amsel), supra* at p. 295, 367 N.Y.S.2d at 483, 327 N.E.2d at 637, that the legislative history of Section 388 of the Vehicle and Traffic Law 'indicates that the legislature intended to enlarge the vehicle owner's vicarious liability and not to draw the line at the border.' It is significant that the defendant Avis is a nationwide car rental agency that maintains fleets of cars in almost every State. Under these circumstances the place of said defendant's incorporation or the particular location where one of its vehicles was rented appears to be of little import. Under these circumstances the only redress available to plaintiff as the injured party and a resident of the State of New York is that granted to her by the aforementioned case law under the auspices of Vehicle and Traffic Law § 388. *Belisario v. Manhattan Motor Rental, Inc., et al.,* 48 A.D.2d 477, 370 N.Y.S.2d 574 (1st Dept., 1975) is fully supportive of this conclusion. Application of the *Babcock* doctrine in that case led to the conclusion that the law of New Jersey applied under the circumstances therein. It was aptly observed that *Belisario* was not an 'in transit' case but a 'fixed location' case. It was also further observed that *Belisario* was not a case where protection was required 'for our own State's people against unfair and anachronistic treatment'."

In this case, the doctrine in question is not New York's vicarious liability doctrine, but New York's related policy which holds that contributory negligence of the driver is *not* imputed to the owner of a vehicle who is injured in a collision involving his vehicle, see *Kalechman v. Drew Auto Rental, Inc.,* 33 N.Y.2d 397, 353 N.Y.S.2d 414, 308 N.E.2d 886 (1973). But the rationale of *Cunningham* is

equally applicable in this situation. Accordingly, since the *Cunningham* case appears to state the law in New York as of this time, it would seem that plaintiff's motion to strike the defendant's affirmative defense must be granted.

So ordered.