689 A.2d 195

JANICE WILLETT, PLAINTIFF–RESPONDENT, v. DAVID IFRAH AND ALON IFRAH, DEFENDANTS–APPELLANTS.

Superior Court of New Jersey
Appellate Division

Submitted February 10, 1997—Decided February 28, 1997.

Before Judges HAVEY, KESTIN and EICHEN.

*Kennedy & Kennedy*, attorneys for appellants (*Paul S. Kennedy*, on the brief).

*Daniel Friedman*, attorney for respondent (*Mr. Friedman*, on the brief).

The opinion of the court was delivered by

EICHEN, J.A.D.

This is a subrogation action in a motor vehicle accident case. Plaintiff sued defendants Alon Ifrah and David Ifrah for property damage sustained as a result of Alon's negligent operation of a vehicle on February 21, 1989. David, Alon's father, had purchased the vehicle for Alon's sole use as a mode of transportation to and from school. Plaintiff sought to impose liability on David as owner of the vehicle on the theory that Alon was acting as David's agent when the accident occurred.

The motion judge granted summary judgment in favor of plaintiff against David, concluding that David is liable for plaintiff's damages because he failed to rebut the presumption of agency, *see Harvey v. Craw*, 110 *N.J.Super.* 68, 264 *A.*2d 448 (App.Div.), *certif. denied*, 56 *N.J.* 479, 267 *A.*2d 61 (1970). On a motion for reconsideration, David argued that he had successfully rebutted the presumption by presenting evidence that Alon was not on an errand for him and that Alon had total control of the car. The motion judge rejected the argument, reasoning that "it is the ... parents' ... responsibility to be sure that [Alon] has a way to get to school," and concluded that this duty created a liability on the part

of Alon's father for his son's negligence. We disagree and reverse.

Principles of agency have long been settled in our jurisprudence. An agency relationship is created when one family member performs an act for another. *Missell v. Hayes,* 86 *N.J.L.* 348, 350, 91 *A.* 322 (E. & A.1914); *Doran v. Thomsen,* 76 *N.J.L.* 754, 757, 71 *A.* 296 (E. & A.1908). When one is on his own business, convenience or pleasure, he is acting solely for himself and not for any "family purpose." *Paul v. Flannery,* 128 *N.J.L.* 438, 442, 26 *A.*2d 553 (E. & A.1942); *Wirth v. Gabry,* 120 *N.J.L.* 432, 433, 200 *A.* 556 (Sup.Ct.1938) (citing *Doran, supra*), *aff'd,* 122 *N.J.L.* 95, 4 *A.*2d 281 (E. & A.1939). Here, David's blameless furnishing of the means of transportation for his son to attend school does not support the conclusion that Alon was acting for a "family purpose" so as to justify holding David vicariously liable for his son's negligent operation of the vehicle. This court's recent observations in *Haggerty v. Cedeno,* 279 *N.J.Super.* 607, 611–12, 653 *A.*2d 1166 (App.Div.), *certif. denied,* 141 *N.J.* 98, 660 *A.*2d 1197 (1995), support this principle:

> New Jersey's common law rule regarding owner liability [in the context of automobile-related injuries] is not designed to protect the injured party, in this case a New Jersey resident, or to protect the driver. It is designed to shield an owner from liability in cases in which the owner has not been negligent and in which the culpable driver is not related to the owner in a way that will justify the imposition of vicarious liability under traditional principles of the law of agency or master servant. That shield is consistent with the principle that tort liability in the context of automobile-related personal injuries is based on fault.

Because no agency relationship exists under the facts of this case, we are constrained to reverse the summary judgment in favor of plaintiff.

Reversed.