VOLTERRA, J.
Introduction
Defendant Trucklease Corporation d/b/a AMI Leasing (AMI) moves for summary judgment on the basis that the court should apply Massachusetts law as the Commonwealth has the most significant relationship to the occurrence and to the parties such that the plaintiffs cannot demonstrate an agency relationship between AMI and the defendant R.&F. Transportation Company, Inc. (R&F) so that the statutory presumption of G.L.c. 231, §85A is overcome as a matter of law.
*515 Plaintiffs assert that AMI is vicariously liable as the tractor was registered in the State of New York thus triggering Section 388 of the New York Vehicle and Traffic Law which codifies vicarious liability upon the owner of the motor vehicle if the operator is operating the vehicle permissively, thus trumping the Massachusetts’s principle that an owner of a motor vehicle cannot be held vicariously liable unless it can be shown that the operator is acting as the owner’s agent or employee.[3]
After hearing the parties, considering their submissions and briefs, I conclude that the weight of authority and the better view is that considering the interests of interstate comity, the interest of the parties, the policies of deterrence and compensation, the interest in predictability and uniformity of result, and the competing interest of the states, that the majority of the factors point to the application of Section 388 to determine the issue of vicarious liability. Accordingly, the defendant AMI’s motion for summary judgment is denied, and the plaintiffs are granted partial summary judgment on the sole issue of joint and several liability on the part of the lessor of the tractor AMI as the court concludes that modern choice-of-law principles mandate the choice of New York law in this case.
The Undisputed Facts
The administrator’s wife Cynthia DaRosa was killed and his three children were injured when at approximately 2200 hours on Christmas night, 1998, the Ford Explorer Cynthia DaRosa was operating struck the rear of a large eighteen-wheel trailer owned by the defendant R&F Transportation Company, Inc. (R&F) which had been parked on the side of the road, with approximately 7 feet of the rig extending over on the paved surface of Dana Street, Taunton. The rig was parked under a street light which was not illuminated. The locus of the accident on Dana Street was very dark. The rear of the trailer, including two small reflectors was very dirty. No reflective tape had been affixed to the rear of the trailer. An employee of R&F had operated the tractor-trailer combination on December 25, 1998. This employee did not leave any ICC lights on either the trailer or the tractor when it was parked on Dana Street. Moreover, no flares or hazard triangles had been set out to warn motor vehicle operators of the danger posed by this rig parked on the roadway.
Attached to the trailer was a Ford tractor which had been leased by R&F from AMI on November 30, 1998. AMI had purchased this tractor in 1993. The tractor was registered in the State of New York with plate number PM2179. The New York registration lists the address of the owner as 1912 Central Avenue, Albany, New York. This address is one of the locations where AMI does business. The tractor was apportioned by its New York motor vehicle registration to operate in 49 other states of the United States. AMI was required to pay annual fuel taxes to the State of New York. Payment was based on the number of miles the tractor was operated on the ways of New York. In 1995, AMI reported 4,820 miles of use in New York; in 1996, 3,953 miles; in 1997, 2499 miles; and in 1998, 2,030 miles. AMI was the registered owner of the 1994 Ford Tractor. AMI assigned this tractor for rental use in the upstate New York area. This tractor was also used for rental locations in other states such as the AMI place of business in Franklin, Massachusetts, and in Albany, New York. AMI was in the business of leasing commercial vehicles to trucking companies. The tractor had been operated in New York by R&F intermittently to transport mail for the Postal Service during the Christmas season. The lease was to expire on January 1, 1999, and AMI expected the return of its tractor on that date. Plaintiffs alleged in their amended complaint that AMI was vicariously liable pursuant to §388. At the time of the accident on December 25, 1998, the Ford tractor was insured by the Hanover Insurance Company by policy number AMN 4117441. The policy had a flat rate premium and it covered all vehicles owned by AMI. The policy contained endorsements which provided coverage that was specifically mandated by New York law.
Discussion
New York’s §388 Imposes Vicarious Liability on Owners of New York Registered Vehicles Where Accident Occurs in Foreign Jurisdictions
“[The] Vehicle and Traffic Law §388 imposes joint and several liability on owners of tractors and trailers used in combination with one another, for injuries occasioned by such vehicles.” Mount Vernon Fire Insurance Company v. Travelers Indemnity Company, 63 A.D. 2d 254, 255-56 (1978), aff'd on other grounds, 47 N.Y.2d (1979). Each owner of a vehicle subject to the statute must obtain insurance specifically for the liability assigned by §388, see New York Insurance Law §3420(e), and such policy “must be as broad as the insured owner’s liability for the use of the vehicle by the owner or anyone using the vehicle with his permission.” Rosado v. Eveready Ins. Co., 34 N.Y.2d 43, 49 (1974).
Although by its terms §388 applies to motor vehicles “used or operated” in New York, that state’s courts have interpreted the statute to have extraterritorial effect. Heisler v. Toyota Motor Credit Corporation, 844 F.Sup. 128, 129 (S.D.N.Y. 1995), citing Sentry Insurance Co. v. Amsel, 36 N.Y.2d 291, 295 (1975); Farber v. Smolack, 20 N.Y.2d 198, 202-04 (1967). The New York Court of Appeals held that §388 expresses a legislative policy “that one injured by the negligent operation of a motor vehicle should have recourse to a financially responsible defendant.” Continental Auto Lease Corp. v. Campbell, 19 N.Y.S.2d 350, 352 (1967). Subsection 4 of §388 is explicitly tied to New York’s compulsory law, which provides that insurance must extend to claims arising out of the ownership, use or operation of a vehicle “within the state of New York, or *516 elsewhere in the United States in North America or the Dominion of Canada.” N.Y. Veh. & Traf. Law §311. “This final section has been interpreted by the New York courts to show a ‘commendable concern not only for residents of [New York], but residents of other states who may be injured as a result of the activities of New York residents.’ ” Johnson v. Hertz Corporation, 315 F.Sup. 302, 304 (S.D.N.Y. 1970), quoting Tooker v. Lopez, 24 N.Y.2d 569, 577 (1969). It has been held that “New York’s policy under its compulsory insurance law is the protection of injured persons no matter where the accident occurs.” Chila v. Owens, 348 F.Sup. 1207, 1211 (S.D.N.Y. 1972). See also Cunningham v. McNair, 48 A.D.2d 546 (1975) (applying §388 to accident occurring in Maryland); Smolack, supra (applying §388 to accident occurring in North Carolina); and Johnson v. Hertz Corp., supra (applying §388 to accident occurring in New Jersey).
Non-New York Courts Have Applied §388 to Accidents Which Did Not Occur in New York and Where the Litigation Is in Their Courts Through the Application of Modern Choice-of-Law Principles
At common law, the substantive duties, rights, and obligations which would give rise to liability and damages were determined by the law of the place where the tort had occurred — the doctrine of lex loci delicti. Modern choice-of-law principles apply a more complex analysis. For example a “substantial interest” analysis has been adopted by courts to apply §388 to accidents occurring in states that have dissimilar vicarious liability principles. In White v. Smith, 398 F.Sup. 130 (D.N.J. 1975), the district court applied §388 to impose liability on a New York lessor of a vehicle involved in an accident occurring in New Jersey which involved injuries to Pennsylvania plaintiffs. The White court stated, “Had the issue . . . involved the conduct of drivers within this state, it is clear that New Jersey would have the paramount interest in seeing its rules of the road apply because it has an undisputed right to regulate conduct or actions performed within its territory. The issue subjudice, however, relates not to the question of substantive negligence, or how the defendant was driving, but solely to the issue of a vehicle owner’s liability for that negligence, if any.” Id. at 138 (emphasis added). Moreover, “a contrary result would only serve to undercut New York’s well defined policy by allowing an owner to escape liability, merely on account of a ‘fortuitous’ circumstance.” Id. at 141.
In another illuminating recent case, Motor Club of America Insurance Company v. Hanifi, 145 F.3d 170 (4th Cir. 1998), the Court of Appeals noted that “clearly New York’s legislature has the power to prescribe the terms and coverages of the liability insurance required of the owners of all motor vehicles registered in New York.” Id., at 179, quoting Klippel v. U-Haul Co., 759 F.2d 1176, 1183 (4th Cir. 1985). The court in Hamfi, applying §388 to the claim of New Jersey residents injured in a collision occurring in Maryland, where the vehicle that caused their injuries was registered in New York, held that the New York statute was intended “to apply extraterritorially” and “is different from traditional conflict questions because it is a distinct cause of action!.]” Id. As a wholly statutory cause of action, §388 “does not conflict in the traditional sense with Maryland common law negligence rules, and thus the lex loci rule does not apply so that a statute of the State of New York is held of no consequence.” Id. The New Jersey Supreme Court recently ruled that “[i]n cases involving accidents outside New York, an owner’s status as a New York resident or the vehicle’s New York registration have frequently been cited as establishing an adequate tie to hold an owner vicariously liable under New York law.” Fu v. Fu, 733 A.2d 1133, 1144 (N.J. 1999). See also Haggerty v. Cedeno, 653 A.2d 1166 (N.J.Sup. 1995) (applying §388 to accident occurring in New Jersey); McKinney v. S&S Trucking, Inc., 885 F.Sup. 105, 109 (D.N.J. 1995) (again applying §388 to a New Jersey accident).
Application of Massachusetts Choice-of-Law Rules in This Matter Strongly Favors Imposing §388 Upon the Defendant Trucklease Corporation (AMI)
The Supreme Judicial Court has chosen “to emphasize the choice-influencing factors listed in §6(2) of the Restatement (Second) of Conflict of Laws[.]” Bushkin Assocs., Inc. v. Raytheon Co., 393 Mass. 622, 634 (1985). The Restatement factors adopted by the Supreme Judicial Court in Bushkin are:
(a) the needs of the interstate system;
(b) the relevant policies of the forum;
(c) the relevant policies of other interested states;
(d) the protection of justified expectations;
(e) the basic policies underlying the law;
(f) predictability and uniformity of result; and
(g) the ease in the application of the law to be applied.
Id. at 633. Accordingly, it is not enough for the defendant AMI to argue that the accident happened in Massachusetts and that the parties are Massachusetts residents. Rather, “it is the qualitative, not the quantitative, nature of the state’s contacts that ultimately determine whether its law should apply.” Fu, supra at 1142.
Thus, this court turns for guidance to a case decided by Chief District Judge William Young, Stathis v. National Car Rental System, Inc., 109 F.Sup. 2d 55 (D.Mass. 2000). Judge Young ruled that a Maine statute very similar to New York’s §388 applied to an accident which occurred in Massachusetts injuring a Massachusetts resident. Factually, Stathis was very similar to the case before this court on Summary Judgment. The driver of the car which struck the plaintiff had rented a car in Maine from National Car *517 Rental. National Car Rental’s car was registered in Maine. If Massachusetts law on vicarious liability applied, the plaintiff would have no claim against National because Massachusetts does not recognize vicarious liability without proof of agency. See Gangl v. Ford Motor Credit Co., 37 Mass.App.Ct. 561, 563 (1994). On the other hand, if Maine law applied, then the plaintiffs claim against National was viable because the Maine statute, like §388, makes an owner and lessee of a motor vehicle jointly and severally liable for any damages caused by the negligent operation of the vehicle. See Maine Rev.Stat.Ann.Tit. 29-A, §1652 (1) (West 1999).
Applying, Judge Young’s analysis from Bushkin, supra at 634 to the undisputed facts in this case:
(a) the needs of the interstate system and (f) predictability and uniformity of result—
The interstate system and rental companies such as AMI have an interest in predictability. New York and Massachusetts have developed different schemes to regulate owner liability and the insurance required for the rental of vehicles differently. AMI registered the tractor and insured it as was required by the laws of New York. AMI knew or should have known that New York imposed owner liability. For this court to adopt AMI’s argument would be to subject tortfeasors and their victims to the various liability laws of the 50 states — based largely on where the accident happened. Moreover, a rental company, regardless of where the car had been registered, insured or rented, would be subjected to a myriad of laws.
(b) the relevant policies of the forum and (e) the basic policies underlying the law—
Massachusetts does not have á policy restricting the imputed liability of an owner of a vehicle, registered in another state, which is involved in a collision, in which a Massachusetts resident or decedent through a personal representative makes claims against the owner of a foreign registered car. Massachusetts has devised a distinct set of rules for the insurance needs of rental vehicles rented in Massachusetts. See G.L.c. 90, §32E. There is no Massachusetts law which addresses the liability or insurance coverage of vehicles rented in different states. Yet, clearly Massachusetts has an interest in seeing its residents compensated for injury.
(c) the relevant policies of other interested states—
New York law imposes joint and several liability on AMI for the negligence of R&F. See §388. New York also requires AMI to carry an insurance policy that extends to accidents which occur outside of the boundaries of the State of New York. The New York legislature has anticipated that New York registered vehicles would become involved in accidents in other states. The New York legislature has commendably demonstrated a concern for residents of foreign jurisdictions who may become injured as a result of collisions with New York registered vehicles. The New York Traffic and Motor Vehicle Law §388 demonstrates this concern for residents of other states who may be injured or killed through accidents caused by New York registered vehicles. It is the general scheme of New York law to protect innocent victims of tortfeasors. New York has an interest in having its laws applied on this issue so that those regulated by New York law will be required to fulfill the principles of its laws. To permit AMI to escape liability in this case on the basis of where this collision took place would frustrate the State of New York’s efforts to regulate the insurance and liability standards of motor vehicles registered in New York by New York located places of business such as AMI’s Albany operation which essentially operates nationally in many states.
(d) the protection of justified expectations—
R&F, the tortfeasor, rented a tractor from AMI which AMI registered and insured in New York in accordance with New York’s insurance laws. The victims’ administrator and guardian ad litem expects to be fully compensated for the decedent’s wrongful death and her children’s injuries. While it is to be anticipated that Massachusetts’ “rules of the road” would apply at trial, there is no clear expectation that Massachusetts’ insurance and liability laws would apply. Rather, in contrast, the relationship between the tort and New York’s law on vicarious liability is the significant factor. v
(g) the ease in the application of the law to be applied—
New York’s law is the easiest to apply. If R&F is found to be negligent then pursuant to New York Vehicle and Traffic Law §388, AMI as the owner of the New York registered vehicle is jointly and severally liable as a matter of law. In contrast the application of Massachusetts law would require plaintiffs to demonstrate a principal-agent relationship between R&F and AMI. The administrator-guardian would be required to present evidence that AMI was the registered owner to meet his burden pursuant to G.L.c. 231, §85K. The burden of going forward would then rest on AMI to demonstrate with evidence that a principal-agent and master-servant relationship with R&F did not exist.
Conclusion
The function of summary judgment is to “pierce the boilerplate of the pleadings and assay the parties’ proof in an effort to determine whether trial is actually required.” Harris v. Harvard Pilgrim Health Care, Inc., 20 F.Sup.2d 143, 146-47 (D.Mass. 1998), citing McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995). The criteria are familiar: this court grants summary judgment where there are no genuine issues of material fact, and if, viewing the entire record in a light most *518 flattering to the non-movant, the proponent demonstrates its entitlement to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). This maybe done by, inter alia, showing an absence of evidence to support the plaintiffs’ position. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Summary judgment, when appropriate, may be rendered against the moving party. Mass.R.Civ.P. 56(c).
In this case, the presumed tortfeasor R&F, is a Massachusetts corporation which rented a tractor at a place of business operated by AMI in Franklin, Massachusetts. The tractor was registered and insured by AMI in New York in accordance with the insurance liability laws of the State of New York. The tractor was driven in New York for a significant amount of time and insured under the laws of New York. The tractor’s New York registration lists the address of the owner as 1912 Central Avenue, Albany, New York. AMI is a national truck rental corporation which apportioned the operation of this tractor in 49 states of the United States when it registered the tractor in New York. The victims are residents of Massachusetts who were killed and injured in a Massachusetts registered and insured vehicle on the ways of Massachusetts when it collided with this tractor-trailer parked on the pavement of Dana Street, Taunton. I rule that New York is the state with the most significant relationship to the issue of owner liability. Consequently, in light of the application of the Bushkin choice-of-law considerations New York law applies.
ORDER
It is ORDERED that AMI’s motion for Summary Judgment is DENIED and Partial Summary Judgment is to enter for the plaintiffs’ David D. DaRosa, as the Administrator of the Estate of Cynthia A. DaRosa; and David D. DaRosa as father and next friend of David D. DaRosa, Jr., DeniseD. DaRosa, DerekD. DaRosa; that pursuant to New York Vehicle & Traffic Law §§388 & 311- that if R&F is deemed negligent by the fact finder at trial, then as a matter of law the application of §388 causes joint and several liability to vest upon AMI.

 Section 388: Every owner of a motor vehicle used or operated in this state shall be liable and responsible for death and injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, expressed or implied, of such owner.