Fabricant, J.
INTRODUCTION
This personal injury action arises from a collision between a vehicle operated by Carole Newcomb and a vehicle operated by Keene Haywood, which Haywood had rented from Hertz[1] in Rhode Island. The plaintiffs claim negligence by Haywood and negligence by Hertz in entrusting the vehicle to Haywood. They also seek to hold Hertz vicariously liable for Haywood’s negligence.[2] Presently before the Court is Hertz’s motion for summary judgment. For the reasons that will be explained, the motion will be denied.
BACKGROUND
The record presently before the Court reveals the following undisputed facts. Haywood is a resident of Texas. On August 10, 1998, he rented the vehicle at a Rhode Island location. The vehicle was registered to Hertz in Rhode Island. Haywood presented a valid driver’s license, and signed a Hertz rental agreement. He had no relationship with Hertz other than as a rental customer. No evidence offered indicates that Hertz had or exercised any control over Haywood’s driving. Haywood drove the vehicle to Massachusetts, where on August 13, 1998, he collided with the vehicle operated by Carole Newcomb, a Massachusetts resident.
DISCUSSION
This Court grants summary judgment only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Comm’r of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating *532 that there is no genuine dispute of material fact on every relevant issue “even if he would have no burden on an issue if the case were to go to trial.” Pederson v. Time, Inc., 404 Mass 14, 17 (1989).
On a motion for summary judgment, the moving party must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the non-moving party has no reasonable expectation of proving an essential element of its case at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the nonmoving party must respond and offer evidence of specific facts establishing the existence of a genuine issue of material fact in order to defeat the motion. Pederson v. Time, Inc., supra at 17.
Hertz argues that the undisputed facts establish that the plaintiffs cannot meet their burden of proof as to negligent entrustment, and further, that the undisputed facts rebut the presumption of agency established by G.L.c. 231, §85A. On that basis, it contends that it has no liability for the plaintiffs’ injury, and is entitled to judgment as a matter of law. The plaintiffs do not press the theory of negligent entrustment, but do press the theory of vicarious liability, based on Rhode Island law, which they argue governs the relationship between Hertz and Haywood.
The pertinent Rhode Island statute is Title 31, chapter 34, section 4(b) of the Rhode Island General Laws, which provides in part as follows:
Whether or not proof of financial responsibility has been given, any owner of a for hire motor vehicle or truck shall be jointly and severally liable with any operator of the vehicle who has permission of the owner for any damages caused by the negligence of that operator.
The import of this statute for this case seems plain: if it applies, then Hertz is jointly and severally liable with Haywood, regardless of any agency relationship.[3] The dispositive question, then, is which state’s law governs the issue of vicarious liability of owner for renter on these facts.
Massachusetts resolves choice of law questions based on a “functional. . . approach that responds to the interests of the parties, the states ... involved, and the interstate system as a whole.” Bushkin Assocs. Inc. v. Raytheon Co., 393 Mass. 622, 631 (1985). Although standards of conduct generally arise from the law of the place where a tort occurs, since that location has the strongest interest in conduct there, other issues in a case may be governed by different law, depending on which jurisdiction “has the strongest interest in the resolution of the particular issue presented.” Pevoski v. Pevoski, 371 Mass. 358, 360 (1976). Massachusetts Courts look to the seven factors set forth in the Restatement to identify the jurisdiction with the strongest interest: (a) the needs of the interstate system; (b) the relevant policies of the forum; (c) the relevant policies of other interested states; (d) the protection of justified expectations; (e) the basic policies underlying the law; (f) predictability and uniformity of result; and (g) the ease in the application of the law to be applied. Bushkin Assocs. Inc. v. Raytheon Co., 393 Mass. at 634, citing Restatement (Second) of Conflicts of Law (1971).
The parties have cited two trial court decisions applying these factors in the context of a motor vehicle rental: Stathis v. National Car Rental Sys., Inc., 109 F.Sup.2d 55, 57-58 (D.Mass. 2000); and DaRosa v. R&F Transportation Company, Inc., 13 Mass. L. Rptr. 514 (Volterra, J., Aug. 28, 2001). In Stathis, the Court addressed facts similar to these: a car rented in Maine, which had a statute similar to the Rhode Island statute in issue here, struck and injured a Massachusetts motorist in Massachusetts.[4] The Court applied the Maine statute, concluding that all of the Restatement factors favored that result, which would effectuate the efforts of the Maine legislature to regulate the business of renting vehicles in that state. The facts in DaRosa were also similar, although in some respects weaker than those here and in Stathis: a Massachusetts corporation rented a New York registered vehicle from a New York corporation, and drove it in Massachusetts, causing injury to a Massachusetts resident. The Court applied the New York vicarious liability statute, similar to the Rhode Island statute here. It adopted the analysis of Stathis, focusing particularly on the New York registration of the vehicle, and the interest of New York in regulating vehicles registered there.
These decisions are persuasive. No contrary decision has been cited, and this Court sees no ground for a contrary result here. Rhode Island has adopted a policy rendering those who engage in the business of renting vehicles in that state liable for negligent operation by their customers. Those to whom that policy applies may be expected to be aware of it, and to purchase insurance accordingly. Massachusetts has a different policy for vehicle rental businesses in this state, but it has no identified policy governing liability of such businesses operating out of state. No Massachusetts policy is thwarted or undermined by holding a Rhode Island business to the liability imposed on it by Rhode Island law. Application of each state’s law to rental businesses operating in that state, regardless of the location of a collision, promotes predictability and uniformity, allowing businesses to identify their insurance needs with confidence, based on known information. Accordingly, the Court concludes that Rhode Island law governs Hertz’s liability, and renders Hertz jointly and severally liable for any injury caused to the plaintiffs by negligent operation by Haywood.
*533 CONCLUSION AND ORDER
For the reasons stated, the Defendants, The Hertz Corporation and Hertz Local Edition Corporation’s Motion for Summary Judgment is DENIED.

The complaint names the two Hertz entities shown in the caption, and alleges that both defendants own the vehicle. For present purposes at least, the Hertz defendants do not dispute that allegation, nor have they made an issue of the distinction between them. This memorandum will refer to these defendants collectively as Hertz.

The complaint does not explicitly allege a theory of vicarious liability: both sides apparently read that theory into the allegation, in paragraph 9 of the complaint, under the heading of “negligent entmstment,” that Hertz “owned, leased or controlled the car operated by Haywood at the time of the accident.”

Hertz points out R. I. G. L. 33-31-6, which provides that “[w]henever any motor vehicle is used, operated, or caused to be operated upon any public highway of this state by a person who is not the owner, lessee or bailee, but who has their express or implied consent, in the case of an accident the driver is deemed to be the agent of the owner, or lessee, or bailee. This will not be true if the driver has furnished, prior to the accident, proof of financial responsibility as set forth in Chapter 32 of this title.” Hertz offers evidence that Haywood was insured, and suggests that his insurance supplies the “proof of financial responsibility” referred to in this provision, thus relieving Hertz of any agency relationship. The argument fails for each of several of reasons. When the two statutory provisions are read together, it is apparent that they address circumstances that do not overlap: 31-34-4 covers vehicles “for hire,” making owners liable regardless of agency and regardless of “proof of financial responsibility,” while 33-31-6 addresses non-rental situations of consensual use by a non-owner, establishing an agency relationship in those situations, subject to the exception stated. Moreover, reference to chapter 32, particularly 31-32-1, reveals that “proof of financial responsibility” refers not to insurance coverage, but to a deposit required under specified circumstances, none of which appears here.

One fact differed: the driver of the rented car resided in Maine, where he rented the car, unlike Haywood, who does not reside in Rhode Island.